MOHAMMED AL RASCHID, Appellant, *v.* NEWS SYNDICATE Co., INC., Respondent.

(Argued May 21, 1934; decided July 3, 1934.)

2

*Francis Dean, Stewart W. Bowers* and *Vahan H. Kalenderian* for appellant.

*Arthur A. Moynihan* for respondent.

CRANE, J.  By a divided court the Appellate Division has held the complaint bad.  Whether it be an action for malicious prosecution or for injury caused by a malicious act or for neither is difficult to determine.  In substance the complaint states that the plaintiff is a

native born citizen of the United States; that the defendant wickedly and maliciously and without probable cause gave false information to the immigration officials, which caused them to prosecute, arrest and deport the plaintiff for alleged violations of the immigration laws in 1922, 1924, 1925, 1928, 1929, 1930 and 1931, and that the proceedings terminated in plaintiff's favor. Here are the usual allegations of an action for malicious prosecution.

We agree with the Appellate Division that proceedings before the immigration authorities are not judicial proceedings. The administration of the immigration laws is vested in a Commissioner General of Immigration who is an officer in the Department of Labor and performs his duties under the direction of the Secretary of Labor. (Mason's United States Code, Annotated, tit. 8, ch. 6, §§ 101, 102.) The duties of the Commissioners of Immigration and other immigration officials are administrative in character to be prescribed in detail by regulations prepared under the direction or with the approval of the Secretary of Labor (§ 108). (*Nishimura Ekiu* v. *United States*, 142 U. S. 651; *White* v. *Gregory*, 213 Fed. Rep. 768; *United States* v. *Greenawalt*, 213 Fed. Rep. 901.) (See in point, *Hayashida* v. *Kakimoto*, 132 Cal. App. 743; *Bodwell* v. *Osgood*, 3 Pick. [Mass.] 379; *Burt* v. *Smith*, 181 N. Y. 1.)

Neither does the plaintiff say that the defendant instigated or prosecuted any action even if the proceeding were of a judicial nature, merely that it gave false information. This is not enough. (*Barry* v. *Third Avenue R. R. Co.*, 51 App. Div. 385).

So much for the appellant's insistence that this is an action for malicious prosecutions. Whatever we may call it an action does lie, however, if the complaint states any facts showing a wrong which the law recognizes and will redress. One may not be liable for malicious prosecutions and yet be legally responsible for maliciously circulating or giving false information resulting in inten-

tional injury to another. Even a lawful act done solely out of malice and illwill to injure another may be actionable. (*Beardsley* v. *Kilmer*, 236 N. Y. 80.) "A man has a right to give advice, but advice given for the sole purpose of injuring another's business and effective on a large scale, might create a cause of action." (*American Bank & Trust Co.* v. *Federal Reserve Bank*, 256 U. S. 350, 358.) An action will lie for knowingly and intentionally and without reasonable justification or excuse inducing a breach of contract. (*Lamb* v. *Cheney & Son*, 227 N. Y. 418; *Hornstein* v. *Podwitz*, 254 N. Y. 443; *Campbell* v. *Gates*, 236 N. Y. 457.) Where one set up a barber shop for the sole purpose of injuring the plaintiff's business and driving him out of it — the wrongdoer being wealthy and not interested in the business itself — and diverted customers from the plaintiff solely for the accomplishment of his malevolent purpose, an action lies against him. (*Tuttle* v. *Buck*, 107 Minn. 145.)

So also in *Ratcliffe* v. *Evans* ([1892] 2 Q. B. 524, 527, it was decided: "That an action will lie for written or oral falsehoods, not actionable *per se* nor even defamatory, where they are maliciously published, where they are calculated in the ordinary course of things to produce, and where they do produce, actual damage, is established law. Such an action is not one of libel or of slander, but an action on the case for damage willfully and intentionally done without just occasion or excuse, analogous to an action for slander of title." Salmond in his work on Torts, page 580, refers to this wrong as " Injurious Falsehood " concerning the plaintiff. To the same effect Pollock on Torts, page 21.

If the appellant had told us what the false information was he might have stated a good cause of action. He says the defendant maliciously without any justifiable excuse gave false information to the immigration officials which caused his arrest and wrongful deportation to his damage. We must know, however, what the information

was. Even in libel and slander, which are actions founded in malice, the words written or spoken must be pleaded. The information may have been harmless and the statement that it caused his arrest a mere conclusion or surmise, not a fact. A complaint must contain a concise statement of the material facts which must be proved upon the trial. (Civ. Prac. Act, § 241.) For this omission the pleading is bad.

The determination of the Appellate Division is, therefore, affirmed with the modification that the appellant is given ten days to plead over. (Civ. Prac. Act, § 584; *Avey* v. *Town of Brant*, 263 N. Y. 320.)

The judgment should be modified by providing that plaintiff may have ten days in which to serve an amended complaint on payment of costs in all courts and as so modified affirmed, with costs.

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment accordingly.