Richard Gale, Appellant, v. Henry Wagstaff Ryan and Walter J. Ryan, Individually and as Copartners, Doing Business and Practicing Law under the Firm Name and Style of Ryan & Ryan, and Others, Respondents.

First Department, December 19, 1941.

*Nathan Cooper*, for the appellant.

*Walter J. Ryan* of counsel [*Ryan & Ryan*, attorneys], for the respondents.

O'MALLEY, J.   The question presented is whether the complaint states facts sufficient to constitute a cause of action.

It alleges that the plaintiff during the years in question had been employed by the defendants other than the defendant Moses; that the defendants Ryan are attorneys practicing as such; that they dominate and control the defendant corporations of which they are officers and directors; that defendant Moses is also an attorney, a certified public accountant and likewise an officer and director of the two corporate defendants.

The gravamen of the complaint is to the effect that the defendants, as part of a plan or scheme to defraud, deceive and cheat the government of the United States and of the State of New York by concealing income derived from the defendant corporations upon which Federal and State taxes were payable for the years 1937 to 1940, inclusive, " intentionally, wilfully and maliciously issued, published and widely circulated, or did cause to be issued, published or widely circulated, or in a reckless, careless, negligent and unlawful manner, permitted to be issued, published and widely circulated false and fraudulent statements and/or reports to the governments of the United States and the State of New York and other persons relating to the wages earned and received by the plaintiff from the defendant employers."

The sums reported as having been received by the plaintiff for the years mentioned from the corporations which are alleged to be false and fraudulent are specifically set forth.   It is further alleged that under his status as a married person plaintiff did not receive or earn wages or income for the years 1937 to 1940, inclusive, sufficient to require him to file Federal or State income tax returns or to pay taxes; that by reason of the false and fraudulent statements and reports plaintiff has been and still is exposed to criminal prosecution for alleged violations of the Federal and State income tax laws for said years and has been subjected, and still is being subjected, to investigations by the Federal government with a threat of criminal indictment; that as a result plaintiff has suffered mental anxiety, nervous strain and impairment of health, and that his good name, reputation and gainful employment have been injuriously affected and placed in peril; that by reason of the false and fraudulent statements and reports plaintiff has been prevented from attending to his usual business and been subjected to great expense in the procurement of counsel.

We are not here concerned with whether plaintiff ultimately will succeed. We are required merely to decide whether, giving the allegations of the complaint every fair intendment, there is a good cause of action stated.

While every one is subject to investigation by proper authorities with respect to his income, it is the allegation of the complaint that this plaintiff has wrongfully been subjected to investigation through the improper actions of these defendants and that he has been, as above stated, otherwise damaged.

Under the allegations of the complaint, we think that the plaintiff has stated a cause of action which has received recognition. It has been held (*Ratcliffe* v. *Evans*, [1892] 2 Q. B. 524, 527): " That an action will lie for written or oral falsehoods, not actionable *per se* nor even defamatory, where they are maliciously published, where they are calculated in the ordinary course of things to produce, and where they do produce, actual damage, is established law. Such an action is not one of libel or of slander, but an action on the case for damage wilfully and intentionally done without just occasion or excuse, analogous to an action for slander of title."

To the same effect is the decision of our Court of Appeals in *Al Raschid* v. *News Syndicate Co.* (265 N. Y. 1). (See, also, Salmond on Law of Torts [8th ed.], p. 612; Restatement, Law of Torts, § 873.) The Restatement says: "A person who, with knowledge of its falsity, makes an untrue statement concerning another which he realizes will harm the other is liable to the other from such resulting harm as he should have realized might be caused by his statement."

It follows, therefore, that it was error to dismiss the complaint as insufficient in law. The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied, with leave to the defendants to answer within ten days after service of order on payment of said costs.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied, with leave to the defendants to answer within ten days after service of order on payment of said costs.