SAMUEL FRIEDMAN, Plaintiff, *v.* ROSETH CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, September 17, 1947.

*Kaye, Scholer, Fierman & Hays* for plaintiff.

*Poletti, Diamond, Rabin, Freidin & Mackay* for defendants.

LUMBARD, J. On this motion plaintiff moves for a dismissal of the fourth, fifth and sixth counterclaims contained in defendants' amended answer on the ground of insufficiency. The complaint prays for damages for the alleged breach of employment contracts by the three corporate defendants, each of whom by way of the above-mentioned counterclaims alleges the malicious and wrongful institution against them of (1) the present action, (2) an action for corporate waste and mismanagement and (3) an application for an order permitting an inspection of their books and records. Defendants contend that the counterclaims state a cause of action (a) for malicious prosecution, (b) for abuse of process and (c) in tort, under the prima facie tort theory. These contentions will be treated seriatim.

*Malicious prosecution.* It is settled law that in order to sustain a claim for malicious prosecution it must be shown that the proceedings have terminated in favor of the complaining party. (*Hauser* v. *Bartow,* 273 N. Y. 370.) The court there said (p. 375): " It is urged that the complaint may be sustained as a complaint in an action for malicious prosecution. It appears, however, that the former proceeding has not been determined in appellant's favor. That it has been so determined is a necessary allegation in an action for malicious prosecution."

This present action awaits trial on the calendar of this court. The contention that it has been determined in defendants' favor because the Appellate Division (270 App. Div. 988), in a decision affirmed by the Court of Appeals (297 N. Y. 495), dismissed the second cause of action of the complaint, is not sustained by the facts. The Appellate Division held that although the complaint was involved and difficult to analyze, the first cause of action for breach of employment contracts should stand. The second cause of action was dismissed because, with certain minor exceptions, it was identical with, and added nothing to, the first cause of action. Obviously, this was not a disposition of the cause in defendants' favor.

In the action for waste and mismanagement plaintiff has served an amended complaint and the action is still pending (*Friedman* v. *Odora Co.,* New York County, County Clerk's Number 11798-1945).

In the application for an order directing inspection of the books of the corporate defendants, the Appellate Division reversed an order of Special Term dismissing the petition and directed the defendants to answer (271 App. Div. 870, 875). This proceeding is also still pending (*Matter of Friedman,* New York County, County Clerk's Numbers 30389-1946, 30390-1946).

Thus, none of the three proceedings upon which defendants base their claims of malicious prosecution has terminated and on that basis alone defendants' assertion of malicious prosecution must fail.

*Abuse of process.* Defendants seek to sustain the counterclaim as stating a cause of action in abuse of process. Reliance is placed on allegations to the effect that plaintiff conspired with others to compel the individual defendants to purchase plaintiff's interest in the defendant corporations at an excessive price, and that threats were made before and after the service of process to that end.

In cases where the parties are adversaries in pending and undecided litigation it seems that the same sound judicial policy which requires the termination of the former litigation in favor of alleging a cause of action for malicious prosecution would seem to require, *in cases where parties are adversaries in pending litigation,* a termination of such actions before suit for malicious abuse of process may be instituted and tried. The orderly conduct of this litigation requires that the plaintiff's action be tried first. If that action fails, a determination can then be sought in an action for abuse of process, or, indeed, for malicious prosecution.

Moreover, defendants have not shown abuse and improper use of process *after its issuance* as required by *Hauser* v. *Bartow,* (273 N. Y. 370, *supra*).

*Tort.* Defendants' argument that they are entitled to relief under the prima facie tort theory rests on the doctrine of *Al Raschid* v. *News Syndicate Co.* (265 N. Y. 1). In that case it was alleged that the defendant wickedly and maliciously and without probable cause gave false information to the immigration officials, which caused them to prosecute, arrest and deport the plaintiff for alleged violations of the immigration laws. The court held the complaint insufficient for a cause of action for malicious prosecution, but concluded (pp. 3–4): " So much

for the appellant's insistence that this is an action for malicious prosecutions. Whatever we may call it an action does lie, however, if the complaint states any facts showing a wrong which the law recognizes and will redress. One may not be liable for malicious prosecutions and yet be legally responsible for maliciously circulating or giving false information resulting in intentional injury to another. Even a lawful act done solely out of malice and illwill to injure another may be actionable. (*Beardsley* v. *Kilmer*, 236 N. Y. 80.) "

In the case at bar it is alleged that the plaintiff instituted these actions for the purpose of maliciously injuring the corporate defendants and that the alleged wicked statements were uttered in connection thereto. It is to be noted that in the *Al Raschid* case (*supra*) and other cases relied upon by defendant, the cause of action rested on alleged malicious representations which were separate and apart from any pending litigation. In the case at bar the acts relied upon are the very basis of the litigation now pending. It is deemed inadvisable to extend the doctrine of those cases to the alleged counterclaims now before the court, since the alleged false and malicious statements will be adjudicated in a court of law. If there are acts by the plaintiff which would place the defendants within the doctrine of the *Al Raschid* case (*supra*), those facts have not been pleaded in the alleged counterclaims.

The plaintiff's motion to dismiss the alleged fourth, fifth and sixth counterclaims of the amended answer is granted. Settle order.