**BASCOM LAUNDER CORP. et al.**

**v.**

**TELECOIN CORP. et al.**

**ABRAMS et al.**

**v.**

**BENDIX HOME APPLIANCES, Inc.**

**BASCOM LAUNDER CORP. et al.**

**v.**

**BRUNO–NEW YORK, Inc.**

United States District Court
S. D. New York.

Sept. 8, 1953.

See, also, D.C., 96 F.Supp. 3.

Arnold Malkan, New York City, for plaintiffs.

Hawkins, Delafield & Wood, New York City, for defendants Telecoin, Percival and Melroy.

Spiro, Felstiner & Prager, New York City, for defendant Bruno-New York.

Goldwater & Flynn, New York City, for defendant Bendix.

WEINFELD, District Judge.

■ Although it is highly desirable that judicial effort, as well as that of counsel be conserved and the expense of litigation be reduced by the elimination of duplicitous trials, a consolidation of actions may not be granted where it may result in prejudice to one or more of the parties.

■ Upon a review of the affidavits which present the current status of the above actions I am not persuaded that events since the last motion to consolidate was denied have so changed the posture of matters so that possible prejudice to the defendants Bendix Home Appliances, Inc., and Bruno-New York, Inc., has been eliminated. The two trials of the action against Telecoin Corporation have increased the likelihood of prejudice. Bendix and Bruno, who were not defendants in that action, had no opportunity to examine or cross-examine witnesses upon the trial nor did they participate in the pre-trial depositions of parties or witnesses in that action. The use of testimony of those witnesses or parties now deceased or unavailable given upon the former trials or in depositions, admissible against Telecoin, would, no matter how carefully a jury were instructed that such testimony was not to be considered against Bruno-New York, Inc., and Bendix Home Appliances, Inc., result in further complicating an admittedly complex litigation. It would place upon a jury a difficult task of segregating testimony as applicable to one defendant and not to the others. The second trial which lasted two months resulted in 3,700 pages of testimony of scores of witnesses. While juries in this District have demonstrated great capacity in getting to the heart of complicated matters and separating the wheat from the chaff I cannot disregard the possibility of confusion and likely prejudice under the circumstances here presented.

It may be true that defendants Bruno-New York, Inc., and Bendix Home Appliances, Inc., proposed examination of

plaintiffs and witnesses already examined in the prior Telecoin Corporation litigation will traverse ground already covered, but these defendants are entitled to prepare their defense in their own way and with the aid of counsel of their choice and they cannot be compelled to rely upon Telecoin's actions in the litigation against that defendant. In the event of harassment of parties or witnesses the Federal Rules of Civil Procedure, 28 U.S.C., afford a means of relief.

The motion to consolidate is denied.

Settle order on notice.