■ RUTH MURDOCK, Respondent, v. A. A. SUTAIN, LTD. et al., Appellants, et al., Defendants.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.

■ UNITED NATIONS FOR THE BENEFIT OF INTERNATIONAL CHILDREN'S EMERGENCY FUND, Respondent, v. HELLENIC LINES, LIMITED, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.

■ In the Matter of the Construction of the Will of EDWARD P. PEARSON, Deceased. FREDERICK F. A. PEARSON, JR., et al., Appellants; CITY BANK FARMERS TRUST COMPANY, as Trustee under the Will of EDWARD P. PEARSON, Deceased, et al., Respondents.— Decree, so far as appealed from, unanimously affirmed, with costs to all parties appearing and filing briefs herein payable out of the trust principal. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.

■ HERMAN FORBES et al., Respondents-Appellants, v. NATHAN R. FINKELSTEIN et al., Appellants-Respondents.— A cause of action should contain a concise statement of the material facts (*Al Raschid* v. *News Syndicate Co.*, 265 N. Y. 1, 5). We think the first cause of action as pleaded is deficient in this respect. While the pleader alleges certain specific wrongful acts on the part of the defendants, the entire cause of action as set forth is permeated throughout with innumerable conclusions. It would be difficult, if not impossible, for defendants to adequately respond to these allegations. Plaintiff should therefore be required to replead this cause of action in proper form. The sixth cause of action must be held insufficient. It alleges no injury resulting from the alleged wrongdoing. The allegations pleaded indicate at the most a possible cause of action which might arise in the future. This cause of action should thereupon be dismissed without leave to replead. On defendants' appeal the order is unanimously modified to the extent of dismissing the first and sixth cause of actions, with leave to replead the first and, as so modified, affirmed, with $20 costs and disbursements to the defendants-appellants. On plaintiffs' appeal the order is unanimously affirmed. Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.

■ JAMES TALCOTT, INC., Appellant, v. ARNOLD SCHILDHAUS, Respondent. — Order denying plaintiff's motion for summary judgment unanimously reversed and the motion granted, with $20 costs and disbursements to the appellant. There are no issues of fact to be tried. The second award in arbitration stands confirmed and unreversed. It therefore has final effect. The motion to dismiss the appeal for untimely filing of the notice of appeal is denied. Appellant did not cause the order appealed from to be entered and hence the time runs from when the order was served, with notice of entry by appellant, namely, on August 2, 1955. (Civ. Prac. Act, § 612.) In any event, this court has power to relieve appellant of the irregularity of late filing, if there had been such, so long as the notice was duly and timely served (Civ. Prac. Act, § 107). However, the affidavit proof is limited by the pleadings in their present form. Plaintiff may not rely on the old judgment, which was vacated. The new judgment based on the second arbitration award is not pleaded. Hence, plaintiff may not recover the arbitration fee of $400, but is entitled to a judgment in the principal sum of $5,027.21, based on the matters properly pleaded and properly averred in the affidavits. Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.

■ MACK CRAWFORD, Appellant, v. CITY OF NEW YORK, Respondent.— Order unanimously affirmed, respondent to recover of the appellant the costs of this appeal. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.