■ HELEN R. POWERS, Respondent, v. ARTHUR MURRAY et al., Appellants, et al., Defendants.— In an action to recover damages for breach of a contract to furnish dancing lessons, the appeal is from so much of an order as denied appellants' motion to dismiss the first and second causes of action contained in the amended complaint for insufficiency (Rules Civ. Prac., rule 106, subd. 4) or for other relief concerning said complaint. Order modified by striking therefrom the second and third ordering paragraphs and by substituting therefor provisions dismissing the amended complaint as against the appellants, without costs, with leave to respondent, if so advised, to serve a second amended complaint. As so modified, order insofar as appealed from affirmed, without costs. The second amended complaint is to be served within 30 days after service of a copy of the order to be entered hereon. As pleaded, neither cause of action is sufficient on its face as against any of the appellants. The written contract annexed to the complaint shows that it was signed only by the "Arthur Murray School of Dancing". Such school, however, has not been named as a party defendant. With respect to appellants, the complaint fails to set forth factual allegations which would show (a) that they are the undisclosed principals or real owners of the dancing school with which respondent entered into the contract, and (b) that such dancing school was merely the agent or instrumentality through which appellants operated. That seems to be the theory on which respondent is attempting to proceed. It must be supported by the necessary factual allegations, not by mere conclusory statements. (*Al Raschid* v. *News Syndicate Co.*, 265 N. Y. 1; 3 Carmody-Wait on New York Practice, p. 454, § 27.) Nolan, P. J., Beldock, Ughetta and Hallinan, JJ., concur; Murphy, J., dissents and votes to affirm the order, without modification.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL MAFFEI, Appellant.— Appeal (1) from a judgment of the County Court, Nassau County, convicting appellant, after trial, of grand larceny in the first degree, and sentencing him to serve from two to four years, (2) from said sentence, (3) from an order denying his motion for a new trial, and (4) from all other intermediate orders therein made. Judgment unanimously affirmed. No opinion. No separate appeal lies from the sentence or from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.