Henry Epstein, J.
Defendant moves to dismiss the complaint under rule 106 of the Rules of Civil Practice as failing to state facts sufficient to constitute a cause of action. The complaint alleges that defendant terminated an agreement in 1949 into which plaintiff and defendant had entered in 1948; that in 1954 and 1955, during an investigation by the Internal Revenue Department of plaintiffs’ tax returns for the year 1949, defendant gave false information to the effect that the agreement was not entered into in good faith and did not furnish the true picture of their relationship; that the false information, given without plaintiffs’ knowledge or notice, resulted in an indictment of plaintiffs, subsequently dismissed; that the plaintiffs suffered expense and loss of good name and mental anxiety. Each plaintiff seeks $1,000,000 damages.
In argument and briefs both parties fairly present the issue. ‘1 ‘ Every intendment and fair inference is in favor of the pleading ’ ” and the court may not speculate or be “ concerned with whether plaintiff will ultimately succeed ” (Dyer v. Broadway Cent. Bank, 252 N. Y. 430, 432; Abrams v. Allen, 297 N. Y. 52, 56). We are concerned with whether a wrong is set forth which the law recognizes and will redress (Al Raschid v. News Syndicate Co., 265 N. Y. 1, 3-4).
In Gale v. Ryan (263 App. Div. 76) a complaint was sustained and its dismissal reversed on allegations conceded by counsel to be substantially parallel to those now present. Gale v. Ryan was decided by the First Department, Appellate Division in 1941. There were no special damages set forth. The court relied on the Al Raschid case (supra), decided by the Court of Appeals in 1934. Defendant’s counsel argue that subsequent decisions by the courts have undermined the basis for Gale v. Ryan and that said case is no longer a safe guide. Defendant stresses that this complaint does not charge libel or slander, since no defamatory statements are set forth (Seelman, Law of Libel and Slander in the State of New York, par. 389; Brandt v. Winchell, 3 N Y 2d 628, 636). Nor does the complaint meet the qualifications for an action for malicious prosecution. It does not charge defendant with initiating the proceedings, nor does it allege lack of probable cause for the indictment, since there was an indictment (Berger v. American Nat. Fire Ins. Co., 279 App. Div. 335, 336).
Are we here confronted with a charge of what may be termed a “prima facie tort ” and does the complaint adequately set forth such a cause of action? In such an action special damages must be pleaded (Brand v. Winchell, 3 N Y 2d 628, 635 [1958], supra). “Actual temporal damage resulting from the false *754 statements ” must be shown (Rager v. McCloskey, 305 N. Y. 75, 81 [1953]; Glaser v. Kaplan, 5 A D 2d 829 [1958, 2d Dept.]; Faulk v. Aware, Inc., 3 Misc 2d 833, 839, affd. 3 A D 2d 703 [1957, 1st Dept.]). The law in this field has been in the early stages of development and has apparently undergone changes even in the last decade. If, therefore, any essential elements of a charge of “ prima facie tort ” are lacking, the instant complaint must fall. There is the “ sole motive ” requirement discussed in Reinforce, Inc. v. Birney (308 N. Y. 164, 169 [1954]) and in Brandt v. Winchell (3 N Y 2d 628, 634 [1958], supra). Does the allegation in paragraph Twenty-First of this complaint meet this test? That paragraph, fairly judged, is “ A mere conclusory statement of malice ’ ’ which does not suffice (Joan Iris Corp. v. Lafer, 5 A D 2d 767 [1958]). Even the reasoning in Al Raschid v. News Syndicate (265 N. Y. 1, 5 [1934], supra) finds no support in this complaint: “ The information may have been harmless and the statement that it caused his arrest a mere conclusion or surmise, not a fact.” The allegations in paragraphs Fifteenth and ■ Sixteenth-Eighteenth are conclusory and inadequate (Winer v. Glaser, 3 A D 2d 656, 657 [1957]). Nor do we find herein an allegation of “ any actual temporal damage ” as required by the Court of Appeals in Rager v. McCloskey (305 N. Y. 75, 81 [1953], supra).
This conclusion is not reached without some lingering doubts, particularly in the light of the decision in Gale v. Ryan (263 App. Div. 76, supra). It is, however, believed that the review hereinbefore set forth will support the result.
Motion granted and complaint dismissed, with leave to serve amended complaint within 20 days from date of this order.