Edgar J. Nathan, Jr., J.
Each defendant moves by separate motion upon the pleadings and plaintiff’s bill of particulars for judgment dismissing the complaint for insufficiency pursuant to rules 106 (subd. 4) and 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act.
The complaint purports to allege two causes of action, the first cause of action for violation of section 51 of the Civil Rights Law and the second in libel or prima facie tort.
*684 The complaint alleges in substance as follows: plaintiff, a physician engaged in medical research, collaborated with defendant Revici at the Institute of Applied Biology in connection with the development of a substance known as n-Butanol. Plaintiff prepared a research paper on the results of his study. Defendants and each of them acting in concert and without plaintiff’s consent made modifications and changes therein, substituting the substance “Haemostype”, a substance upon which plaintiff did not conduct research, for all references to the substance n-Butanol. Defendants, owners of a patent on Haemostype, caused said article as modified, and falsely bearing plaintiff’s name as author, to be sent to Schwarzhaupt, the German pharmaceutical company manufacturing defendants’ product.
Pursuant to the scheme defendants, in concert with Schwarzhaupt, succeeded in having the paper published in a medical journal and distributed for advertising and trade purposes in connection with the sale of Haemostype in this State and elsewhere.
The gravamen of the first cause of action is a conspiracy to invade plaintiff’s rights of privacy in violation of section 51 of the Civil Rights Law. It sufficiently alleges that defendants had a financial interest in the product Haemostype and that the article was used without plaintiff’s consent, to promote and induce the sale of that product in New York State. Defendants urge that the statute applies only to the direct user, in this case the foreign firm which is distributing the article.
Section 51 states that “ Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action * * * against the person, firm or corporation so using his name * * * and may also sue and recover damages for any injuries sustained by reason of such use ”. The allegations that this article is being distributed pursuant to a conspiracy is sufficient to bring the defendants within the purposes of the statute and, as such, the complaint states a cause of action under the section.
The defendants object to the second cause of action principally because it does not set forth facts sufficient to constitute a libel per se and there is no allegation of special damage. It is here alleged in substance that defendants knew plaintiff’s research was done on n-Butanol and not on Haemostype; and that plaintiff does not recommend the use of the product Haemostype. Thus, acting in concert, defendants deliberately altered the paper as stated with the intent to perpetrate a fraud on plaintiff and a deception on the medical profession and the pharmaceutical *685 world. As a result, plaintiff is brought in disrepute in his profession and exposed to public ridicule and contempt, all to his damage in procuring patients and research assignments.
It does not sufficiently appear from the allegations of this cause of action that the article as altered could fairly be interpreted to be libelous per se and in the absence of an allegation of special damages it is insufficient. It is also contended that this cause of action is sustainable under the authority of Cale v. Ryan (263 App. Div. 76) but it is not sufficient under that theory in the absence of an allegation of special damage. The two causes of action were not improperly joined (D’Altomonte v. New York Herald Co., 154 App. Div. 453, mod. 208 N. Y. 596).
Accordingly, the motion is granted to the extent of dismissing the second cause of action, with leave to plaintiff to replead, and is in all other respects denied.