■ ALBERT CARAFAS, Respondent, v. CITY OF NEW YORK, Appellant. — Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ WINKLER CREDIT CORPORATION, Respondent, v. UNITED PIPE NIPPLE CO., INC., Defendant and Third-Party Plaintiff-Appellant. PENNSON INTERNATIONAL CORPORATION, Third-Party Defendant-Respondent.— Orders appealed from unanimously reversed, on the law and the facts, with $20 costs and disbursements to defendant-appellant, and motions for summary judgment and severance of the third-party action denied, with $10 costs to defendant-appellant. The bill of lading, representing the contractual obligation of the carrier, is a document of title (Personal Property Law, § 218). Whether or not it was delivered to and accepted by defendant has no real bearing on plaintiff's right to payment, for it is beyond dispute that the entire shipment covered by the bill of lading was in fact turned over to the defendant. The right to receive payment for the goods forming the subject matter of the bill of lading does not arise from any of its provisions but either from an obligation implied by law to pay the reasonable value of the goods, or from an agreement, express or implied, to pay a stated price. Triable issues of fact exist as to what, if anything, was agreed upon, expressly or by implication, between defendant and plaintiff, or between defendant and the third-party defendant whose rights on the original invoice were assigned to plaintiff. Even if it could be said that the basis upon which Special Term granted summary judgment to plaintiff on the assignment of the invoice comes within the scope of the pleadings, there is an issue of fact as to whether the prior deposit paid by defendant to the third-party defendant was to be applied in full to payment for these goods. The third-party action by defendant against the third-party defendant is therefore intimately connected with plaintiff's claim, involves the same issues, and should not have been severed. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ PENN-OHIO STEEL CORPORATION et al., Respondents, v. ALLIS-CHALMERS MANUFACTURING COMPANY, Appellant.— Order so far as appealed from unanimously affirmed, with $20 costs and disbursements to the respondents. The further amended complaint herein attacked is sufficient. With respect to the question of special damage, it appears that, while they could have been more specifically pleaded, there is sufficient to sustain the pleading. (*Gale* v. *Ryan*, 263 App. Div. 76.) A clearer, more specific and detailed delineation of the special damages, as is sought by defendant, may be obtained through a bill of particulars. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ HUNT, HILL & BETTS, Respondent, v. A. H. BULL STEAMSHIP COMPANY et al., Appellants.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.