Jacob Markowitz, J.
Both the corporate defendant and the individual defendant, the chairman of its hoard of directors, attack herein all six causes of action of the complaint, pursuant to rules 103 and 106 of the Rules of Civil Practice. Initially, however, it is noted that the notice of motion fails to specify any particular parts of the complaint, beyond entire causes of action, which are sought to be stricken as either repetitious, redundant or immaterial, in accordance with rule 103 aforesaid. Such failure is fatally defective to this branch of the motion (Schwartz v. Marjolet, Inc., 214 App. Div. 530), which is denied accordingly.
The remainder of the motion then deals with the legal sufficiency of the various causes of action. Defendants’ prime charge is that the causes numbered 1, 4, 5 and 6, alleging slander, are improper on their face for failure to plead special damages specifically. The defendants are in error on a number of counts. Primarily, only the first cause of action is actually one for slander. Causes 4, 5 and 6 are, in fact, pleaded as actions on the case for damages willfully and intentionally done without just excuse (cf. Penn-Ohio Steel Corp. v. Allis-Chalmers Mfg., Co., 7 A D 2d 441; Al Raschid v. News Syndicate Co., 265 N. Y. 1; Musso v. Miller, 265 App. Div. 57; Gale v. Ryan, 263 App. Div. 76). Nevertheless, even in this uncommon type of action, special damages must be alleged (Penn-Ohio Steel Corp. v. Allis-Chalmers Mfg. Co., supra; Gersh v. Kaspar & Esh, 11 A D 2d 1005), although, where written or oral falsehoods constitute the gravamen of the action, the language used need not be pleaded in haec verba, as in libel and slander causes of action. In the first cause of action for slander, specific words, alleged to have been uttered maliciously by the individual defendant, are pleaded. Nor can this court state that, at least, some of such language, as a matter of law, is not slanderous per se. Accordingly, there would be no need to plead special damages in this cause. Nevertheless, it is noted that, as to all four of the causes aforesaid, special damages are, in fact, alleged in a legally sufficient manner (Gale v. Ryan, supra). (A fuller discussion of special damages, as distinguished from pecuniary damages, appears in Scheman v. Schlein, 35 Misc 2d 581.) Details thereof may readily be obtained hereafter through a bill of particulars (Penn-Ohio Steel Corp. v. Allis-Chalmers Mfg. Co., 9 A D 2d 620). The first and fourth causes may also stand as against the corporate defendant, as pleaded, since a corporation may be liable for torts committed by its officers as *86 agents acting within the actual or implied scope of their employment, or in furtherance of the corporate business, or if in excess of their authority, when such acts have been ratified by the corporation (O’Brien v. Bates Corp., 211 App. Div. 743; Kharas v. Barron G. Collier, Inc., 171 App. Div. 388).
The second and third causes of action charging both defendants with assaults on two separate occasions are pleaded in a legally acceptable form and are proper against both defendants for the reasons heretofore stated.
Accordingly, facts are stated sufficient to hold all of the causes of action alleged as proper, and the motion is denied in all respects.