INTERNATIONAL PRODUCTS CORPO-RATION, Plaintiff,

v.

Charles A. KOONS and Jane Roe, Richard Roe and Charles A. Koons, individually, and as co-partners doing business under the firm name and style of Charles A. Koons & Company, Defendants.

Charles A. KOONS, Plaintiff,

v.

DOW JONES & COMPANY, Inc., N. V. Deli Maatschappij, Carel Goldschmidt and Jacob Theodor Cremer, Defendants.

United States District Court
S. D. New York.
April 9, 1963.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiff International Products Corp.; Julius Levy, New York City, of counsel.

Francis X. Stephens, Jr., New York City, for Charles A. Koons; Gustave B. Garfield, New York City, of counsel.

Willkie, Farr, Gallagher, Walton & Fitz Gibbon, New York City, for defendants N. V. Deli Maatschappij, Carel Goldschmidt and Jacob Theodor Cremer; Walston S. Brown, New York City, of counsel.

Patterson, Belknap & Webb, New York City, for defendant Dow Jones & Company, Inc.; Ambrose L. Cram, Jr., New York City, of counsel.

McLEAN, District Judge.

These motions involve two different actions, labeled for convenience Action No. 1 and Action No. 2. The defendants in Action No. 2 move to stay all proceedings in that action until Action No. 1 has been tried and determined. Plaintiff in Action No. 2 has countered by a motion to consolidate the two actions.

The situation which gave rise to these litigations, and the history of the actions to date, appear from the papers to be as follows:

Charles A. Koons was president and chairman of the board of International Products Corporation ("IPC") from February 1, 1956 to March 3, 1961 when he resigned. He alleges that he still is the owner of 20 per cent of IPC's stock. The company is a Delaware corporation, licensed to do business in New York, engaged in various businesses in Paraguay. Jacob Theodor Cremer succeeded Koons as chairman of the board of IPC. Cremer and his associates are said to own or control 19.88 per cent of IPC stock.

In the spring of 1962 a proxy fight developed between Koons on the one hand and Cremer and associates on the other for control of IPC. The stockholders' meeting to decide the contest was held on May 11, 1962.

On May 4, 1962 a complaint was filed in this court in an action instituted by IPC against Koons (Action No. 1). The complaint charged in substance that Koons, while president and chairman of IPC, had appropriated for himself various business opportunities which he should have made available to IPC, and that he had caused IPC to pay to him or on his behalf various sums for expenses not related to the business of IPC.

On May 8 the Wall Street Journal, published by Dow Jones & Company, Inc., published an article about the proxy fight in which extensive reference was made to the allegations of the complaint in Action No. 1. Koons claims that the article also contained defamatory statements concerning him which were not contained in the complaint.

At the stockholders' meeting of IPC on May 11, the majority of the stockholders voted in favor of Cremer and his group. On May 14, 1962, the Wall Street Journal published another article about the outcome of the proxy fight which again referred to the allegations of IPC's complaint in Action No. 1.

Koons embarked upon a vigorous defense of Action No. 1. He proceeded to take depositions of a number of IPC officials and other witnesses. While the depositions were still in progress, Koons, on December 21, 1962, filed in this court his complaint in Action No. 2 in which he named as defendants Dow Jones, Cremer, his associate Goldschmidt and a Dutch corporation alleged to be controlled by Cremer and Goldschmidt. The complaint in Action No. 2 is so involved and discursive as to be confusing. Obviously it does not constitute a "short and plain statement of the claim" as required by Rule 8(a) (2). Basically, it charges

that defendants entered into a conspiracy to injure Koons and to bring about his defeat in the proxy fight. It is alleged that the institution of Action No. 1 was part of this conspiracy, that the action was unfounded and was not begun in good faith, but wholly for the purpose of securing publicity, by means of the Wall Street Journal, which would be adverse to Koons. Damages in the sum of $2,000,000, plus punitive damages of $3,-000,000 are sought.

Various legal theories upon which this complaint is predicated are discernible from the complaint, i. e., (1) that defendants violated the Securities Exchange Act of 1934 and regulations thereunder relating to proxy solicitation; (2) that defendants violated Section 580(3) of the New York Penal Law which makes it a crime to conspire "[f]alsely to institute or maintain an action"; (3) that defendants' acts constitute an abuse of the process of this court; (4) that defendants have libeled plaintiff.

Defendants' answers set up various defenses including the defense of truth.

Promptly upon the institution of Action No. 2 Koons embarked upon a new round of deposition taking which has apparently left his opponents somewhat breathless. As a result, the defendants in Action No. 2 now ask the court to stay Koons from prosecuting that action until after Action No. 1 has been tried and determined. Koons opposes a stay on the ground that he would thereby be deprived of an opportunity to secure the testimony of witnesses while the facts are still fresh in their minds. He is willing, however, to dispose of the actions at one time and to that end he has moved for an order of consolidation.

It is true that in his complaint in Action No. 2, Koons in effect alleges the negative of the charges made against him by IPC in Action No. 1. To that extent the issues in the two actions are the same. But there are many more issues raised by Koons' complaint in Ac-

tion No. 2. To consolidate the actions in their present form would require the parties to litigate in one trial not only the question of whether Koons violated his fiduciary duty to IPC, but also several other distinct and unrelated questions, as for example, whether Cremer and his associates violated SEC proxy rules and whether the Wall Street Journal exceeded the bounds of whatever privilege it may have and thereby libeled Koons. To attempt to dispose in one trial of such a conglomerate mixture might well lead to confusion and prejudice, particularly in view of the fact that a jury has been demanded. The motion to consolidate is therefore denied. Bascom Launder Corp. v. Telecoin Corp., 15 F.R.D. 277 (S.D.N.Y.1953).

■ Logically, Action No. 1 should be tried first. This seems to me to be true regardless of whether the complaint in Action No. 2 can be construed, as defendants claim, to charge, among many other things, malicious prosecution. Once it has been determined whether or not Koons is liable to IPC, the issues in Action No. 2 can be dealt with more readily. Consequently, in the interest of the orderly disposition of the business of the court, I direct that the trial of Action No. 2 shall be deferred until after the trial of Action No. 1 has been concluded. See Friedman v. Roseth Corporation, 190 Misc. 742, 74 N.Y.S.2d 733 (1947).

It does not follow, however, that all proceedings in Action No. 2 should be immediately stayed. Koons is entitled to continue with his pre-trial discovery so that he may finish his preparation and be ready for trial. It is unreasonable, however, to permit him to complete all his discovery before IPC and Cremer, et al. can begin theirs. Rule 4 of the Civil Rules of this court provides that the tak-

ing of depositions by the respective parties may proceed concurrently. That procedure should be followed here.

The temporary stay contained in the order to show cause restraining Koons from proceeding with depositions which he has noticed in Action No. 2 is vacated. Koons may proceed with these depositions. IPC may also proceed at once, if it so desires, to serve a notice of the taking of depositions of Koons and any other persons whom it may wish to examine in Action No. 1. Defendants in Action No. 2 may do likewise. As provided in Rule 4, the parties shall make every effort to agree upon a schedule of places and dates for the various depositions. This schedule shall be set forth in the order to be entered on these motions. If the parties, after a bona fide effort, cannot agree, each party may submit an order containing his proposed schedule and I will determine the question.

■ This disposition is based upon the assumption that IPC intends, as it claims, to proceed with all due diligence to bring its action on for trial. The trial of Action No. 2 should not be delayed unduly. I direct, therefore, that all pre-trial discovery of any sort by both sides in Action No. 1 shall be completed not later than October 1, 1963 and that a note of issue be filed at that time. All discovery on both sides in Action No. 2 shall be completed not later than November 1, 1963 and a note of issue shall thereupon be filed.

■ The motion for a stay is denied, on condition that the order to be entered shall direct that Action No. 1 shall be tried first and that the trial of Action No. 2 shall be set to begin immediately upon the conclusion of the trial of Action No. 1.

Settle order on notice.