T. Paul Kane, J.
Defendant moves to dismiss the within complaint upon the grounds that it does not state facts sufficient to constitute a cause of action (CPLR 3211, subd. [a], par. 7). The complaint alleges three causes of action for damages ; (1) an action in prima facie tort, (2) a violation of section 51 of the Civil Rights Law, and (3) an action for injurious falsehood.
There is no apparent dispute with respect to the basic facts. Plaintiff operates a gasoline service station in the Town of Colonie, Albany County, New York and, among other things, is licensed to conduct motor vehicle inspections by the Department of Motor Vehicles. Defendant owns and operates a tele *596 vision broadcasting station that disseminates news and other network programs in the Capital District area. It also produces its own news program that broadcasts events and commentaries upon matters in the public interest in the local area. It appears that at some time prior to December 5, 1968, the defendant received information that it was most difficult for automobile owners to obtain inspections of their vehicles at licensed stations in the Albany area, and, accordingly, it proceeded to conduct an independent investigation of the facts surrounding such complaints. One of its employees proceeded to plaintiff’s premises with a tape recorder concealed in her handbag; engaged an employee in conversation concerning a request to have her car inspected. The extent and content of that conversation is in dispute, but not the words ultimately used by defendant. Co-ordinated with the recording of this conversation was a concealed camera across the street photographing the presence of the parties to the disputed conversation. Thereafter and on its evening news programs on December 5, 1968, the defendant related the complaints it had received concerning difficulties in obtaining car inspections, as well as the procedure it had selected for its investigation. The broadcast included a picture of • plaintiff’s station, a lady driving upon the premises, being met by an employee of the plaintiff and then the following conversation: “ I would like to have my car inspected at this time.”
The employee replied: “We cannot inspect your oar.”
It is the plaintiff’s contention that a substantial and integral portion of the recorded conversation was deliberately deleted by defendant to substantiate a predetermined conclusion that motor vehicle inspection was difficult to obtain. Plaintiff alleges that a lady did drive into his station and ask to have her car inspected, but that she was told by plaintiff’s employee that it could not be inspected at that time because the only stalls in the garage were occupied with other vehicles under repair, but that her car would be inspected as soon as one stall was clear. Plaintiff further alleges a substantial loss of business as a result of this incident, evidenced by telephone calls and statements from customers that they would go to other facilities for their service, together with related charges of improper conduct levelled against him.
Defendant proposes that the facts presented do not state a cause of action under the case law now existing in the State of New York. Specifically it contends that any possible cause of action sounds in defamation, i.e. libel, and since the tape *597 in question has long since been erased by defendant’s employee, the plaintiff cannot allege or prove the exact conversation that took place as required by CPLB. 3018. It further alleges the words used by defendant were not defamatory but merely related a question and a statement of fact.
It is clear that this legal hurdle suggested by defendant is what conceived the first cause of action for prima facie tort. It is equally clear that the case law in New York has erected confining boundaries within which this cause of action can be maintained. The chief obstacle to its expansion and growth is the concept that while the ingredient of malice may cause what would ordinarily be a lawful act to become unlawful, it must be the singular motive exclusively directed to injury and damage of another (Reinforce, Inc. v. Birney, 308 N. Y. 164). In the matter at hand defendant argues that its motive was to provide news to the people of the area in the form of a public service. In other words, the defendant was doing only that which it was supposed to do. Plaintiff alleges in fact, that defendant was not reporting news but was actually making news to conform to complaints it had received which it knew would arouse public sensitivities if properly documented. This is the thrust of allegations in the complaint, and upon a motion of this nature, if any known cause of action is stated, the motion must be denied (Foley v. D’Agostino, 21 A D 2d 60). If the plaintiff can prove that which he alleges, the allegation of malicious intent would be well founded. Defendant could not successfully argue that its motives were mixed, for the gathering of news items is its duty, its reason for existence and employment of people and use of technological devices. A discharge of a duty is not a motive. The creation and/or distortion of news with an intent to give it wide exposure to the public through a communication media, knowing or being charged with knowledge that it would damage another, generates the necessary requirements for a charge of malice. Thus it would appear the plaintiff has hurdled a major obstacle, since the allegations of malice presented in this form overcome any secondary motive of an economic nature which might be considered the basis of a justification for defendant’s acts. (Morrison v. National Broadcasting Co., 24 A D 2d 284, revd. on other grounds 19 N Y 2d 453.)
Plaintiff’s complaint properly alleges items of special damages in the form of loss of gross business from the date in question. This is a matter of record and can be established by documentary proof, if in fact it exists. At the very least, *598 the plaintiff should be entitled to establish his loss in terms of special damages based upon probability; and this is the direction in which the law is pointing (Prosser, Law of Torts [3d ed.], § 122, pp. 946, 947; Morrison v. National Broadcasting Co., supra; 59 N. Y. Jur., Torts, §§ 23-32; 86 0. J. S., Torts, §§ 19-22).
As to the second cause of action under section 51 of the Civil Bights Law, the court cannot find the necessary facts for the survival of this statutory cause of action. There is no direct benefit to the defendant as contemplated by the statute. As a further test, if the defendant had reported the entire matter in the manner contended by plaintiff, there would have been no cause of action. The interposition of the issue of malice does not give rise to the cause of action where previously it did not exist. Finally the acts of the defendant cannot be construed to come within the statutory term of “ for advertising purposes or for the purposes of trade ” since these purposes would be too remote and irrelevant to the incident in question (Civil Rights Law, § 51; Lahiri v. Daily Mirror, 162 Misc. 776).
The third cause of action for injurious falsehood or disparagement is properly alleged in the complaint (Prosser, Law of Torts [3d ed.], § 122). The necessary elements are presented by the allegations of the complaint (Al Raschid v. News Syndicate Co., 265 N. Y. 1). Accordingly, and for the reasons stated, defendant’s motion is granted to the extent that an order may enter dismissing the second cause of action contained in the complaint; the motion is in all other respects denied.