Gilbert TUCKER et al., Plaintiffs,

v.

ARTHUR ANDERSEN & CO., Defendant
and Third-Party Plaintiff,

v.

Joseph A. BONURA et al., Third-Party
Defendants.

No. 73 Civ. 4259 (HFW).

United States District Court,
S. D. New York.

Sept. 1, 1976.

Shatzkin, Cooper, Labaton, Rudoff &
Bandler, and Bernstein Hawkins & Katch-
er, New York City, for plaintiff by Paul
Katcher, New York City, of counsel.

Wachtell, Lipton, Rosen & Katz, New
York City, for plaintiffs State Mut. Life
Assur. Co. of America et al. by Douglas S.
Liebhafsky, New York City, of counsel.

Dunnington, Bartholow & Miller, New
York City, for defendant and third-party

plaintiff Arthur Andersen & Co. by William M. Bradner, Jr., John A. Stichter, Rigdon H. Boykin, New York City, of counsel.

Cadwalader, Wickersham & Taft, New York City, for third-party defendant Empire Nat. Bank by Robert A. Lonergan, New York City, of counsel.

## MEMORANDUM DECISION

WERKER, District Judge.

These are two actions which arise out of an embezzlement scheme carried out by one Jack Dick in connection with the operation of Black Watch Farms, Inc., a company which was engaged in the breeding of cattle sold to investors for tax shelter purposes. The facts of each of *Tucker v. Arthur Andersen & Co.*, and *State Mutual Life Assurance Co. of America v. Arthur Andersen & Co.*, are reported respectively at 67 F.R.D. 468 (S.D.N.Y.1975) and at 65 F.R.D. 518 (S.D.N.Y.1975).

The plaintiffs in the *Tucker* action have moved for a joint trial on certain issues alleged to be common in the two cases. The common issues include whether the financial statements of Black Watch Farms, Inc. and of Bermec, Inc. for the year ended June 30, 1968 and certified by Arthur Andersen & Co. ("Andersen") were materially false and misleading and if so, whether the conduct of Andersen exhibited sufficient scienter to warrant its being held liable under § 17(a) of the Securities Act of 1933 and rule 10b–5 of the Securities Exchange Act of 1934. Movants further seek an order giving the *Tucker* plaintiffs access to the contentions preliminarily filed in advance of the final pre-trial order in the *State Mutual* action.

■ The motion by the *Tucker* plaintiffs is opposed by all parties in the *State Mutual* action who have responded, including the plaintiff, defendant and third-party plaintiff Andersen, and third-party defendants Empire National Bank, Bonura, and Meckler. It is the court's view that granting this motion would not be in the interests of Justice and would indeed hinder the progress of the *State Mutual* trial, if not

the *Tucker* trial as well. A motion to consolidate under Rule 42(a) of the Federal Rules of Civil Procedure is addressed to the discretion of the court. 5 J. Moore, *Federal Practice* para. 42.02 (2d ed. 1976). Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions." The factors which are determinative here are likely confusion of the jury in the *State Mutual* action, the fact that no appreciable saving of time or expense will result, and the fact that delay would seem inevitable, all to the prejudice of the parties and to the inconvenience of the court.

■ Where confusion and prejudice will result, it is inappropriate for a court to order consolidation:

"As was said by Judge Minton in *United States v. Knauer,* 7 Cir., 149 F.2d 519, 520:

'The court should not consolidate the trial, even where the court sits as a chancellor, in cases where the issues affecting various defendants are certain to lead to confusion or prejudice to any one or all of the defendants.' "

*United States v. Lustig,* 16 F.R.D. 378, 379 (S.D.N.Y.1954).

*See also International Products Corp. v. Koons,* 33 F.R.D. 21 (S.D.N.Y.1963); *Bascom Launder Corp. v. Telecoin Corp.,* 15 F.R.D. 277 (S.D.N.Y.1953).

■ Because of the fact that *State Mutual* is a suit by those who made loans to Black Watch, whereas *Tucker* is a suit by purchasers of Bermec stock, the question of materiality is necessarily different in each case in relation to the allegedly misleading statements contained in the financial statements. Prejudice to Andersen is likely due to the fact that it is not prepared at this point to present its defense to the issues raised in *Tucker* which concerns purchases of stock on the open market since proceedings in the *Tucker* action have not advanced to the stage they are at in the *State Mutual* action. Thus, delay would be necessary in order to permit preparation on this issue.

*State Mutual* is expected to be a two-month trial, and a schedule for the trial has been set for months, in order to permit time scheduling by attorneys, witnesses and the court. To delay the start of the *State Mutual* action would work a real hardship. Additional confusion would arise out of the fact that whereas jury demands have been made in *State Mutual, Tucker* will be tried to the court. Since the trial will be had in *Tucker* in any event, it is hard to see how much time would be saved in the later trial by the trial of one portion of the *Tucker* action. This is so particularly in light of the fact that since evidence concerning the issue of materiality would differ so greatly in the two trials, the amount of evidence common to both trials would necessarily be small.

For the above reasons, *Tucker* plaintiffs' motion for consolidation is denied. The *Tucker* plaintiffs' motion for access to the pre-trial submissions in *State Mutual,* however, is granted. Since the plaintiffs in the *Tucker* action are under a similar stipulation with regard to confidentiality as are the *State Mutual* parties, there is no reason why the *Tucker* plaintiffs should not have the access they seek to the submissions in the *State Mutual* action.

SO ORDERED.