UNITED STATES of America,
Plaintiff,

v.

Emmerich LUSTIG, etc., Defendant.

UNITED STATES of America,
Plaintiff,

v.

Isaac RONCH, Defendant.

UNITED STATES of America,
Plaintiff,

v.

Constantine RADZIE, etc., Defendant.

UNITED STATES of America,
Plaintiff,

v.

Victor Jeremy JEROME, Defendant.

UNITED STATES of America,
Plaintiff,

v.

Louis WEINSTOCK, Defendant.

UNITED STATES of America,
Plaintiff,

v.

Isidore BEGUN, Defendant.

UNITED STATES of America,
Plaintiff,

v.

Daniel BOANO, etc., Defendant.

UNITED STATES of America,
Plaintiff,

v.

Louis Jehuda BRAVERMAN,
Defendant.

UNITED STATES of America,
Plaintiff,

v.

Paul NOVICK, Defendant.

UNITED STATES of America,
Plaintiff,

v.

Sol Almazov PEARL, Defendant.

United States District Court
S. D. New York.

Sept. 23, 1954.

See, also, 16 F.R.D. 379, 16 F.R.D. 137, 138.

J. Edward Lumbard, U. S. Atty., New York City, for plaintiff.

Blanch Freedman & Gloria Agrin, New York City, for V. J. Jerome, I. Ronch, and C. Radzie.

Edward Kuntz, New York City, for S. A. Pearl and P. Novick.

Ira Gollobin, New York City, for P. Novick.

David Scribner, New York City, Donner, Kinoy & Perlin, New York City, for E. Lustig.

Isidore G. Needleman, New York City, for D. Boano.

Harry Sacher, New York City, for L. Weinstock.

Begun Brothers, New York City, for I. Begun.

Freedman & Unger, New York City, for L. J. Braverman.

KNOX, Chief Judge.

In each of the above entitled suits, the government asks that the several actions be consolidated for trial on the sole issue of the nature, principles, aims, objectives and activities of the Communist Party of the United States, its predecessor and successor organizations, and further to set a definite date for trial.

The suits seek the denaturalization of each defendant. The defendants were admitted to citizenship on various dates between January 26, 1927, and January 8, 1945. The dates on which the defendants are charged with having become members of the Communist Party of the United States range from 1919 to 1937.

It is my belief that, if this pending motion were to be granted, the result would be most prejudicial to each defendant.

■ As was said by Judge Minton in United States v. Knauer, 7 Cir., 149 F. 2d 519, 520:

"The court should not consolidate the trial, even where the court sits as a chancellor, in cases where the issues affecting various defendants are certain to lead to confusion or prejudice to any one or all of the defendants."

■ That could not help but be the precise result if consolidation were ordered. It cannot be said with any degree of certainty that the aims and objectives of the Communist Party over a period of many years were identical. See the majority opinion of the Supreme Court of the United States in Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796. See, also, U. S. v. Hauck, 2 Cir., 155 F.2d 141, and U. S. v. Sotzek, 2 Cir., 144 F.2d 576.

The government's motion as respects each defendant, will be denied.

UNITED STATES of America, Plaintiff,

v.

Daniel BOANO, also known as Dante Boano, Dan Bowan and Dan Bowman, Defendant.

United States District Court
S. D. New York.
Oct. 18, 1954.

See, also, 16 F.R.D. 378.