John Leon DAVIS, Appellant,

v.

YELLOW CAB COMPANY OF ST. PETERSBURG, Inc., Appellee.

No. 15289.

United States Court of Appeals, Fifth Circuit.

March 30, 1955.

Rehearing Denied May 11, 1955.

Lloyd D. Martin, St. Petersburg, Fla., for appellant.

T. Paine Kelly, Jr., Tampa, Fla., Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., of counsel, for appellee.

Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

This is an appeal from an instructed verdict in a suit for damages resulting from the collision, in a highway accident, of plaintiff's car with one of defendant's taxicabs. It was consolidated for trial with a suit brought by one Robbins against the same defendant, involving the same accident, and when plaintiff had rested, defendant in each case moved for and obtained a directed verdict.

Appealing from the judgment on the verdict in his case, plaintiff Davis is here putting forward as his main ground of error that there was evidence to take the case to the jury upon whether the defendant was negligent and that the court erred in instructing a verdict as to him. As subordinate grounds of error, he urges upon us: (1) the consolidation

of the two cases for trial; (2) the refusal of his counsel's request, made after the motion for an instructed verdict had been made and granted, to sever this case from the Robbins case; and (3) the refusal of his motion for new trial based upon newly discovered evidence as embodied in affidavits tending to impeach the testimony of the taxicab driver by showing an interested motive for it.

Subordinate grounds of error Nos. 1 and 2 may be quickly disposed of by saying: (1) that the record shows no objection to the consolidation of the cases but a complete acquiescence therein; (2) that if the statement[1] of plaintiff's counsel, made after the court had directed a verdict, may be regarded as a motion for severance instead of, as it clearly appears to be, a request for further consideration by the court of the motion to direct a verdict, it came too late; and (3) it was completely without merit. Rule 42(a), Rules of Civil Procedure, 28 U.S.C.A., expressly provides for the consolidation of cases of this kind as "actions involving a common question of law or fact", and the trial court had a large discretion in the matter which will not be interfered with except in a clear case of abuse, which is wholly absent here.

The third ground, the denial of the motion for newly discovered evidence, is no better taken. It is the settled rule in State and Federal Courts alike, "(1) That a motion for new trial is directed to the judicial discretion of the trial court, and its ruling thereon will not be disturbed in the absence of a clear abuse of that discretion; (2) that a motion for new trial on the ground of newly discovered evidence may not be granted unless (a) the facts discovered are of such a nature that they will probably change the result if a new trial is granted * * * and (c) they are not merely cumulative or impeaching." Brown v. Schwartz, 5 Cir., 164 F.2d 151,

1. Mr. Martin: "If the court please, I ask for further consideration with regard to Davis's case. I believe Your Honor would not be justified in directing a verdict in Davis's case."

152.[2] The new evidence tendered in the affidavits attached to the motion could have had no effect other than to impeach the testimony of the taxicab driver, and it is settled law that "newly discovered evidence, the effect of which is merely to discredit, contradict or impeach a witness, does not afford a basis for the granting of a new trial."

Coming, then, to the ground which goes to the substance of his appeal, that there was evidence which entitled him to take the case to the jury, we think it perfectly plain that the district judge was right in concluding, indeed that he could not conclude otherwise than, that there was no evidence to take the case to the jury. On this issue, while it is unfortunate for plaintiff that it is so, plaintiff was unable to produce any evidence pointing to the negligence of the cab driver, and all the evidence in the case was to the opposite effect. Plaintiff himself could not testify because the injury had completely obliterated from his mind what had happened at the time. The plaintiff in the other suit was the father of a young man killed in the same accident, and while the occupants of the cab and its driver were eye-witnesses, their testimony presents nothing showing negligence or fault on the part of the driver.

On the contrary, it showed: that the driver had become conscious of the speeding car which was rapidly overtaking, and the plaintiff's car which was approaching, him on a two lane highway; and that, realizing that the two would almost inevitably collide because there was no room for the overtaking car to come around and pass the taxicab before it struck the oncoming car, the driver of the cab turned partly off the pavement and also slowed down in an effort to give the overtaking car both more time and room to squeeze by if possible.

The district judge correctly held that no negligence on the part of the driver of the taxicab was shown, and he, therefore, properly instructed the verdict. The accident was a bad one in which many people were killed and great damage was done by the collision caused by the speeding car. But there was no evidence whatever that the driver of the taxicab omitted anything that he should have done or did anything that he should not have done.

The judgment was right. It is affirmed.

---

2. Cf. Springer v. Morris, Fla., 74 So.2d 781.