142 So.2d 910

**Ex parte Gordon MILLER.**

**6 Div. 844.**

Supreme Court of Alabama.

June 14, 1962.

Smyer, White, Reid & Acker, Birmingham, for petitioner.

John A. Jenkins, Birmingham, for City of Vestavia Hills.

MERRILL, Justice.

Petitioner filed his original petition in this court for an alternative writ of mandamus, naming Honorable J. Edgar Bowron Presiding Judge of the Circuit Court for the Tenth Judicial Circuit of Alabama, as respondent. The petition claims that respondent was in error when, ex mero motu, he consolidated petitioner's municipal improvement assessment appeal with another such appeal, and when he also denied petitioner's motion to set aside the order of consolidation.

Upon presentation of the petition, and after oral hearing, this court issued to respondent its rule nisi ordering respondent to vacate the order of consolidation or to show cause why a peremptory writ of mandamus should not be issued as prayed for in the petition.

Respondent filed an answer and the cause was submitted to this court on May 30, 1962.

Petitioner appealed to the circuit court from the fixing of a municipal improvement assessment against his real property by the City of Vestavia Hills as the result of the installation of a sewer line. The line was installed allegedly to correct a septic tank overflow problem which was located at a

certain limited spot within the survey of Vestaview Gardens, where petitioner lives. Of his own motion, respondent consolidated petitioner's case for trial with another municipal improvement assessment appeal case which had been taken by one of Miller's neighbors, the Hughes. Petitioner's property is located 99 feet closer to the sewer line which pre-existed the newer sewer than the property owned by the Hughes. Petitioner's lot is farther away from the spot of alleged septic tank trouble than the Hughes' lot. On the other hand, the Miller lot is lower than the Hughes' lot and, therefore, arguably more likely to be a receptacle for sewage overflow. Miller has an odd-shaped lot with a short front footage, whereas Hughes has a rectangular lot with a longer front footage. Miller's assessment is $415.11 higher than Hughes. Hughes vigorously protested the installation of the sewer initially, whereas Miller did not.

Petitioner and Hughes are represented by the same attorneys. In order for his attorneys to represent petitioner to the best advantage, it would be necessary for them to point up things which might well prejudice the Hughes' case, because of a comparison which would necessarily be made by the jury. By the same token, the best points in Hughes' favor might prejudice Miller's case. It does appear that the order of consolidation will be an embarrassment to counsel if both cases are tried together.

The respondent consolidated the cases under Tit. 7, § 221, Code 1940, which provides:

"When causes of like nature or relative to the same question are pending before the circuit court in counties having a population of three hundred thousand or more according to the last or any future federal census, the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so."

The constitutionality of this section was upheld in Ex parte Ashton, 231 Ala. 497, 165 So. 773, 104 A.L.R. 54, and the law was there construed and applied. After citing and discussing earlier cases, this court said:

"The effect of the foregoing, and of the better considered general decisions, is that consolidation of different pending actions in the same court should not be granted when the result thereof is to bring about a complication of issues of fact, embarrassment or delay in the trial, difficulty to the parties, the jury, and the court to present or apply the law to the several tendencies of the evidence, or result in prejudice to the rights of the parties. (Citing cases.) It was no doubt the intent of the statute to liberalize the restrictive test of the common law, and was passed for application in a proper case, where the inconveniences, confusion, and injustices pointed out do not obtain."

Further in the opinion, it was held that our statute was taken from the federal statutes regarding consolidation and that the construction employed by the federal courts would be persuasive, and many federal decisions were cited. The pertinent Federal Rule of Civil Procedure is Rule 42, 28 U.S.C.A.

The rule has been applied more recently in other federal cases. In Michalek v. United States Gypsum Co., D.C.N.Y., 1 F.R.D. 244, the entire opinion of the court follows:

"The defendant moves under Rule 42 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order consolidating the actions and directing a joint trial of all the matters in issue. The actions are brought to recover damages for lung injuries alleged to have been sustained in defendant's gypsum mine and claimed to be due to defendant's fault or neglect regarding working conditions in the mine. The motion papers show that although the work of all of the plain-

tiffs was performed in the same mine that the location where each plaintiff was employed and the exposure to the source of the alleged harmful dust was different in each case. The extent of the injuries to each plaintiff is also different. Under the circumstances I think that the plaintiffs' rights would be substantially prejudiced by a joint trial.

"Motion denied."

In United States v. Lustig, D.C.N.Y., 16 F.R.D. 378, the government sought to denaturalize ten separate defendants on the grounds that they were communists. Consolidation was sought "on the sole issue of the nature, principles, aims, objectives and activities of the Communist Party of the United States, its predecessor and successor organizations." The court, quoting United States v. Knauer, 7 Cir., 149 F.2d 519, said:

" 'The court should not consolidate the trial, even where the court sits as a chancellor, in cases where the issues affecting various defendants are certain to lead to confusion or prejudice to any one or all of the defendants.' "

In Bascom Launder Corp. v. Telecoin Corp., D.C.N.Y., 15 F.R.D. 277, it was said:

"Although it is highly desirable that judicial effort, as well as that of counsel be conserved and the expense of litigation be reduced by the elimination of duplicitous trials, a consolidation of actions may not be granted where it may result in prejudice to one or more of the parties."

In Capstraw v. New York Central R. Co., D.C.N.Y., 15 F.R.D. 267, the defendant railroad moved to consolidate two F.E.L.A. cases involving the engineer and the brakeman, which arose "from a single accident surrounded by a similar set of circumstances." The court recognized that "this similarity is ordinarily good and sufficient reason in itself to consolidate and join for trial such actions in accordance with the provisions of Rule 42(a)," but held that the consolidation "might set plaintiff against plaintiff, and by such contest in their own proof, reduce their verdicts."

The fact that petitioner's property is closer to the sewer line than the Hughes' lot, and that it is lower, and has shorter front footage, but his assessment is higher, would tend to pit one plaintiff against another.

The fact that the same lawyers represent each of the property owners magnifies the prejudice which well might result from a built-in conflict of interest if both property owners are forced to trial simultaneously. It would be well-nigh impossible for the lawyers for the property owners to represent both clients fully and fairly at the same time. Their cases are obviously not the same and probably should not be tried the same way. To emphasize the strong point of one client will automatically point up a weakness of another, and vice versa. We think this amounts to "embarrassment" as used in Ex parte Ashton, 231 Ala. 497, 165 So. 773, 104 A.L.R. 54.

We hold, therefore, that the trial court erred in ordering these cases to be consolidated for trial and the consolidation order must be reversed.

We would not be understood as restricting the discretion of the circuit judges of the Tenth Judicial Circuit (Jefferson County) in consolidating the trial of cases subject to be consolidated. The judges of that circuit have done an outstanding job in applying the consolidation statute, and the time, expense and effort in disposing of many cases on the docket have been conserved. However, for the reasons already stated, these cases should not be consolidated without agreement of all the parties involved.

From what we have said, it follows that a writ of mandamus is due to be awarded unless the respondent, after being advised

of this opinion, expunges or holds for naught the order consolidating the trial of these cases.

Writ awarded conditionally.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.