FRUGÉ, Judge.
This is a suit for damages instituted by Alberie LeBlanc as head of his community and by his wife, Madeline Borel LeBlanc, against Southern Farm Bureau Casualty Insurance Company for injuries sustained by Madeline Borel LeBlanc in an automobile accident. The defendant instituted a third party demand against plaintiff Al-berie LeBlanc, requesting contribution from him as a joint tortfeasor in the event of a judgment against the defendant. The district court rendered judgment in favor of Madeline Borel LeBlanc against the defendant in the amount of $7,500, with legal interest from date of judicial demand, and for all costs of the suit. The court dismissed the claim of Alberie LeBlanc and rendered a judgment against him in favor of the defendant for $3,750, with legal interest from date of judicial demand, and for one-half of the costs of the suit. From this judgment, the defendant appeals to this court. In her answer to the appeal, plaintiff Madeline Borel LeBlanc prays for increased damages.
In his written reasons for judgment, the trial judge set forth thorough and well stated findings.
The facts are as follows:
The accident occurred at the intersection of St. Charles Avenue and Sixth Street in Breaux Bridge, Louisiana, at approximately 6:30 P.M. on August 30, 1961. St. Charles Avenue was the right of way street and there were stop signs located at the intersection warning drivers proceeding along Sixth Street to come to a stop before entering the intersection. Trees were *331 growing along the west side of St. Charles Avenue which would prevent drivers going north on St. Charles Avenue and those going east on Sixth Street from seeing each other prior to entering the intersection. Alberie LeBlanc, with his wife as a passenger in the automobile, was proceeding in an easterly direction along Sixth Street. He approached the intersection, slowed down and entered the intersection without coming to a complete stop. Leroy Theriot, defendant’s insured, was riding alone in his automobile and proceeding north along St. Charles Avenue at a speed which he estimated to be between twenty-five and thirty miles per hour. When Theriot was about sixty feet from the intersection, Le-Blanc entered the intersection from behind the trees growing along the west side of St. Charles Avenue. Although Theriot immediately applied his brakes, he collided with LeBlanc and knocked LeBlanc’s automobile into a stop sign located at the northeast corner of the intersection. As a result of the collision, plaintiff Madeline Borel LeBlanc was thrown to the pavement and sustained injuries.
The defendant contends that the trial court erred in holding that its insured was traveling at an excessive rate of speed. The trial court found that at the time of the accident the weather was clear, the streets dry and the general visibility such that the use of headlights was unnecessary. There were marks on the pavement made by Theriot’s automobile which extended approximately sixty-three feet before the point of impact, and the entire length of the marks resulted from a firm application of the brakes of the automobile. The Theriot automobile knocked the LeBlanc automobile thirty-five feet from the point of impact into a stop sign on the corner of the intersection. The Theriot car was totally demolished and LeBlanc’s sustained considerable damage. From this evidence, we feel that the trial judge was not manifestly erroneous in concluding that Theriot was driving at an excessive speed.
Defendant maintains that even if its insured was driving at an excessive speed, such was not a proximate cause of the accident. It contends that the sole proximate cause of the accident was the negligence of the plaintiffs who entered the intersection without maintaining a proper lookout and failed to stop at the stop sign. The general rule as to the rights of motorists on favored streets approaching intersections is that at an intersection controlled by a traffic light or a stop sign, the motorist on the favored street has a right to assume that any driver entering an intersection from the less favored street will observe the law and will yield the right of way before entering the intersection; and the favored motorist can indulge in this assumption until such time as he sees or should see that the inferior car has not observed, or is not going to observe the law. If, however, the superior driver sees or should see that the inferior vehicle is going to violate his right of way, and if thereafter the superior driver can reasonably avoid the accident, then the negligence of the superior driver is at least a contributory proximate cause of the accident.
In Randall v. Baton Rouge Bus Co., 240 La. 527, 124 So.2d 535 at page 537, the Supreme Court stated the following:
“This preference created by statutes or by signals or stop signs on a favored street does not relieve the driver traveling on the favored street from the duty of exercising ordinary care of having his car under control and operating it at a reasonable and proper rate of speed while approaching an intersection and while crossing it.”
In the present case, we have concluded that the defendant’s insured was proceeding at an excessive speed. This prevented him from exercising ordinary care, thereby making him negligent in the operation of the vehicle. We cannot say that the accident was unavoidable on his part. We feel that the trial judge correct *332 ly concluded that the negligence of defendant’s insured was a proximate cause of the accident.
Defendant further contends that the plaintiff Madeline Borel LeBlanc was con-tributorily negligent because she assumed the obligation of looking out for traffic at the intersection, failed to see what was readily and easily visible, failed to warn her husband of the danger of the approaching vehicle, and acquiesced in his failure to .■stop at the stop sign.
The general rule is that a guest te a vehicle is free to rely on the skill of the driver for safe transportation. There must be a finding of independent negligence on the part of the guest before he can be held contributorily negligent. Herget v. Saucier, 223 La. 938, 67 So.2d 543; Aaron v. Martin, 188 La. 371, 177 So. 242; Lorance v. Smith, 173 La. 883, 138 So. 871; Vidrine v. Southern Farm Bureau Casualty Insurance Co., La.App., 105 So.2d 279. In the present case, we feel the trial court was correct in finding that the plaintiff, Madeline Borel LeBlanc, was not contrib-utorily negligent. There is no evidence in the record which indicates that her husband was driving negligently prior to arriving at the intersection. She knew little about driving and the rules of the road. Under the circumstances, we feel that there was no negligence on Mrs. LeBlanc’s part which would bar her recovery.
Alberie LeBlanc was clearly negligent. He did not stop at the intersection. He should have stopped because of the stop sign and because of the trees which obstructed his view. Therefore, the defendant is entitled to judgment against Alberie LeBlanc in the amount of one-half of any judgment rendered against defendant.
The plaintiff Madeline Borel Le-Blanc was sixty-six years old at the time of the trial. The medical report of the attending physician diagnosed multiple fractures of the pelvis, with fracture lines in the right ilium at the level of the acetablum and in the inferior ramus of the right pubic bone; fractures of the right third, fourth and ninth ribs; and hypertension, moderately severe. She was hospitalized for two days, remained in bed for a period of three months, and spent an additional month in a wheel chair. Shortly after the accident, she developed trouble with her right shoulder which was diagnosed as a “frozen shoulder”. An orthopedic surgeon stated that the suggested treatment for the shoulder would be a series of physical therapy treatments over a period of about six months. In the absence of such treatments, it was his opinion that there would be an eighty percent loss of use of the right upper extremity as a whole. On the basis of this information, we feel that the trial judge’s award of $7,500 was neither excessive nor inadequate.
For the foregoing reasons, the judgment appealed from is affirmed. The costs of this appeal are to be paid by the appellant.
Affirmed.