Nathalie L. DUPONT, Plaintiff-Appellant,

v.

SOUTHERN PACIFIC COMPANY,
Defendant-Appellee.

Velma Margaret DUPONT, Indiv. and
next friend for Mark Villejoin,
Plaintiff-Appellant,

v.

SOUTHERN PACIFIC COMPANY,
Defendant-Appellee.

Nathalie LEGER et al., Plaintiffs-
Appellants,

v.

SOUTHERN PACIFIC COMPANY,
Defendant-Appellee.

Anna Louise Dupont TRAHAN, Indiv. and
next friend of Michael Joseph Trahan,
Plaintiff-Appellant,

v.

SOUTHERN PACIFIC COMPANY,
Defendant-Appellee.

No. 22412.

United States Court of Appeals
Fifth Circuit.

Sept. 21, 1966.

Rehearing Denied Oct. 24, 1966.

Thornberry, Circuit Judge, dissented in part.

See also D.C., 231 F.Supp. 601.

J. Minos Simon, John Rixie Mouton, Lafayette, La., for appellants.

J. J. Davidson, Jr., Richard C. Meaux, Lafayette, La., for appellee.

Before BELL and THORNBERRY, Circuit Judges, and FISHER, District Judge.

FISHER, District Judge.

These consolidated cases involve a railroad crossing collision between the Sunset Limited, a Southern Pacific train, and a 1953 Chevrolet automobile occupied by the driver and three guest passengers, all of whom were killed in the accident of June 25, 1961. The appellants are the survivors of the driver of the automobile and the three guest passengers. Originally a separate suit was filed on behalf of each of the survivors of the passengers and the driver. As a result of rulings on motions filed by appellee, the trial court ordered that single suits be filed on behalf of all survivors of each of the three passengers. A similar ruling was made in respect to survivors of the driver. Thus, four separate suits were filed.

On August 15, 1963, the trial court, sua sponte, ordered all four cases to be consolidated for purposes of trial, pursuant to Rule 42(a), Federal Rules of Civil Procedure,[1] and further ordered the separation of the issue of liability from the issue of damages, with the liability issue to be tried first. The pre-trial order further provided that the attorneys representing appellants were required to designate a lead counsel for the purposes of the trial.[2]

Counsel for the survivors of the passengers filed a motion to recall the pre-

1. Rule 42(a) Consolidation. "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

2. "The attorneys representing plaintiffs in all actions will designate a trial attorney who will participate as the leading attorney at the trial of these cases on the question of liability. The attorney so designated will examine and cross-examine all witnesses for either plaintiff or defendant used at the trial of this issue, provided, however, that he may designate one of the other attorneys to interrogate on direct or cross-examination any one or more witnesses for either plaintiff or defendant but the attorneys so designated shall conduct the entire examination of such witness or witnesses." (R. 184)

trial order of August 15, 1963, in which they expressly objected to the consolidation of their cause of action with a suit filed by the survivors of the driver, citing as grounds that such a consolidation would create confusion and prejudice; further contending that the appointment of the lead counsel would result in a conflict of interests between the survivors of the driver and the survivors of the passengers.[3]

At a pre-trial conference on August 22, 1963, the court denied appellants' motion to recall the order of August 15th, and at that time counsel for the surivors of the passengers, under order of the court, was designated as lead counsel for all plaintiffs,[4] although the pre-trial order was modified to provide that at the trial as circumstances warranted each party might have full right of examination of all witnesses. Lead counsel was, under order of the court, required to act as advocate of the survivors of the driver in addition to representing his clients, the survivors of the passengers.

The four cases as consolidated were tried to a jury; and after several hours of deliberating, the jury returned a verdict in favor of defendant against the survivors of the driver. Whereupon, without disclosing what the verdict was, the trial court instructed the jury to continue its deliberations and to return a verdict in all four cases. Sometime thereafter the jury returned four general verdicts in favor of the defendant and against all of the plaintiffs.

Appellants motion for new trial was overruled and this appeal followed.

The appellants make the following assignment of errors:

1. That the consolidation of the four cases and the requirements by the court that the plaintiffs designate a lead counsel to represent all plaintiffs constituted reversible error.

2. That the trial court erred in failing to give the jury certain instructions requested by plaintiffs.

3. That the trial court erred as a matter of law in not finding in favor of the survivors of the guest passengers.

The only assignment of error appearing to be meritorious is number one and we believe this assignment should be sustained and the cases reversed and remanded.

■ Trial judges are urged to make good use of Rule 42(a) of the Federal Rules of Civil Procedure where there is involved a common question of fact and law as to the liability of the defendant in order to expedite the trial and eliminate unnecessary repetition and confusion; and where the parties are represented by different counsel and the trial court permits full and complete development of the evidence by all parties, equal opportunity for argument, a clear and complete charge on the facts and the law applicable to the respective theories of all par-

---

3. (1) "It is movants' contention that the negligence of both the operator of the automobile and the operators of the train in question concurred to bring about the death of the guest passengers. The consolidation order of August 15, 1963, necessarily operated to create confusion and is prejudicial to the interests of movants, especially in view of the fact that the negligence of the driver of the vehicle is not imputable to the guest passengers."

(2) "Movants further aver that there is a conflict of interest between movants and the litigants, or survivors of the driver of the automobile, inasmuch as movants contend and intend to prove that the death of the guest passengers resulted from the concurrent negligence of the driver of the automobile and the operators of the defendant's train." (R. 205–206)

4. The Court then made the following comment: "Of course, Mr. Simon will conduct the examination in chief of each witness, and if at the conclusion of his examination, Mr. Mouton (counsel for the survivors of the driver) feels there are any questions that he should ask, the court will give him permission to do so * * * I will let Mr. Mouton make an opening statement as well as Mr. Simon, and in the event there are additional questions, after Mr. Simon finishes his examination of any witness, he will be permitted to go into questions touching upon negligence of the driver." (R. 241–242)

ties, the order of consolidation by the trial judge will not be disturbed on appeal except for abuse of discretion. Whiteman v. Pitrie, 220 F.2d 914 (5th Cir. 1955); Plough v. Baltimore & O. R. Co., 172 F.2d 396 (2nd Cir. 1949); Davis v. Yellow Cab Co. of St. Petersburg, 220 F.2d 790 (5th Cir. 1955); 5 Moore's Fed. Practice, Par. 42.02, p. 1204 (2nd ed. 1964); Walker v. Loop Fish & Oyster Co., 211 F.2d 777 (5th Cir. 1954); Polito v. Molasky, 123 F.2d 258 (8th Cir. 1941).

However, in resorting to the use of Rule 42(a) the trial judge should be most cautious not to abuse his judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case. Where prejudice to rights of the parties obviously results from the order of consolidation, the action of the trial judge has been held reversible error. Atkinson v. Roth, 297 F.2d 570 (3rd Cir. 1961); United States v. Knauer, 149 F.2d 519 (7th Cir. 1945); Capstraw v. New York Central R. R. Co. (Sielagowski v. New York Central R. R. Co.), D.C., 15 F.R.D. 267; Bascom Launder Corp. v. Telecoin Corp., D.C., 15 F.R.D. 277; Ex Parte Miller, 273 Ala. 453, 142 So.2d 910.

In Atkinson v. Roth, supra, seven actions were instituted in the court below stating claims arising out of a collision between an automobile driven by one Atkinson and a tractor-trailer driven by one Roth. Atkinson had five passengers in his vehicle. A number of separate actions were commenced by the numerous plaintiffs, some against both Atkinson and Roth, and others against one or the other with the remaining parties being brought in as third-party defendants.

On motion of Roth and his alleged employers, all the actions were consolidated for trial over the objections of plaintiffs. The Court of Appeals for the Third Circuit held,

"All of the suits stating claims by passengers or their representatives, however, could proceed without conflict. But Atkinson [driver] as a plaintiff was obliged to keep his case free of contributory negligence, and in this he was at cross purposes with the other plaintiffs. The presence of Atkinson, quo defendant, in the same trial with Atkinson, quo plaintiff, emphasizes the conflict. In these circumstances, proper concern for due administration of justice seems to indicate to us the wisdom of avoiding another trial in which Atkinson appears as a plaintiff along with his passengers or their representatives."

Thus, in Atkinson v. Roth, supra, the confusion and harm resulted from the consolidation of various causes of action in which the plaintiff driver appeared as both plaintiff and defendant and the Third Circuit Court of Appeals held that such a situation could not be other than prejudicial to the party plaintiffs. In the instant case we do not have the driver of the automobile appearing as party defendant and no cause of action is brought against his estate, but we do have the survivors of the guest passengers making the contention that the accident resulted from the concurrent negligence of the driver of the automobile and the defendant. The trial court entering the order of consolidation went further and also ordered the designation of a lead counsel for all plaintiffs. Thus, the harm lies not only in the confusion resulting from the consolidation, but also in the fact that the rights of the parties are prejudiced because of the definite conflict of interest which is emphasized by the order of the court requiring the lead counsel to represent both sets of plaintiffs. In representing all plaintiffs, lead counsel must contest contributory negligence on the part of the driver, but in doing so he increases his burden and prejudices the interest of his clients, the survivors of the passengers, since the negligence of the driver not being imputed to the passengers will permit the survivors of the passengers to recover notwithstanding a finding of contributory negligence on the part of the driver. To advise the jury of this fact and to make this contention in representing the survivors of the passen-

gers, lead counsel fails in his duty and obligation to the survivors of the driver. He, therefore, cannot properly and adequately represent either set of plaintiffs if required to represent all plaintiffs. The order of consolidation, together with the order requiring lead counsel for all plaintiffs, created an impossible situation which resulted in neither set of plaintiffs receiving the representation to which they are entitled.

. ■ In view of the disposition made of this appeal, a discussion of assignment number two, which is the same for both sets of plaintiffs in the court below is not indicated other than to comment that the trial court did not err in refusing to give the requested charges No. 7 and No. 10.[5] The charge given by the Court, while not in the specific language requested, we believe substantially and adequately covered the issues raised by the evidence and the action of the trial court in refusing the requested charges was not error.

■ As to assignment number three, made by the survivors of the passengers, the trial court was correct in refusing to enter judgment as a matter of law and in refusing to grant a new trial because obviously a jury question existed.

In support of their position, survivors of the guest passengers point out,

"That defendant has admitted by stipulation that at the time of the collision the train was being operated at a speed in excess of 75 miles per hour, the maximum self-imposed speed limit at the grade crossing in question, and therefore as a matter of law the defendant was guilty of negligence. On the other hand, as a matter of law the guest passengers could not be guilty of contributory negligence because they owed the duty to warn only if they realized the driver was not going to stop, and under the admission of the defendant, the guest passengers had every reason to believe that the driver was going to stop, since Mr. Reed, the engineer and witness for the defendant, testified that the driver of the automobile approached the grade crossing at a rate of speed of about 10 miles per hour and when he got within a few feet of the tracks he brought his vehicle to 'almost stop' convincing Mr. Reed that the driver would stop, and then suddenly accelerated the vehicle when the train was about 100 feet from the intersection, in consequence of which the train hit the car 'smack in the middle' as it straddled the railroad track."[6]

Accepting the interpretation of the testimony as viewed by the appellant in its most favorable light, there were clearly jury questions to be determined as to whether each of the passenger occupants of the automobile was guilty of contributory negligence, and whether defendant's negligence was a proximate cause.

---

5. Charge No. 7: "If a crossing is unusually dangerous because the view of the motorist is so obstructed as to require that he place himself in a position of peril dangerously near the tracks, before he has a view of the oncoming train, the railroad company will be liable in damages, unless it can show that it took unusual precautions, such as reducing the speed of the train, or increasing its warnings, or providing signaling devices, et cetera.

"The theory of this legal rule is that the railroad may not rely upon the duty of the motorist to stop and look, if the physical circumstances are such that stopping and looking will do the motorist no good."

Charge No. 10: "Because of the basic human instinct of self-preservation, the law presumes that a driver did not commit suicide by going onto the railroad track if he had actual knowledge of the approaching train.

"This presumption arises in cases where the driver is killed. Consequently, it is presumed that the driver in this case did not actually know of the approaching train, and the test as to whether he was contributorily negligent is whether he should have become aware of the danger if he had stopped to look and listen before reaching the tracks, and whether, if he had stopped within the distance stated in the law, he could have perceived the danger of the approaching train which he could not perceive as well while continuing forward without stopping."

6. Testimony of defense witness, Mr. Reed. (R. 157–163).

■ Further, as is pointed out by appellee, there was no request for a directed verdict under Rule 50, Federal Rules of Civil Procedure, 28 U.S.C.A., and thus the appellate court is powerless to review the sufficiency of the evidence. See Stokes v. Continental Assurance Co., 242 F.2d 893 (5th Cir. 1957); Pruett v. Marshall, 283 F.2d 436 (5th Cir. 1960).

■ An appellate court may reverse a district court for denying a new trial based on the verdict not being supported by the evidence if the denial was an abuse of discretion. Pruett v. Marshall, supra. However, there must be a clear abuse of discretion, and if a reasonable basis exists for a jury verdict, there may be no reversal. Lavender v. Kurn, 1946, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916, in which the Court held,

" * * * it would be an undue invasion of the jury's historic function for an appellate court to weigh the conflicting evidence, judge the creditability of witnesses and arrive at a conclusion opposite from the one reached by the jury."

In view of the jury verdict and the manner in which it was returned, we must conclude that some confusion existed with the probability that the jury in some way imputed the negligence of the driver to the guest passengers contrary to the instructions of the court, all of which resulted to the prejudice of the parties caused by the order of consolidation with the designation of a lead counsel to represent all of the plaintiffs.

These consolidated cases are, therefore, reversed and remanded for further proceedings not inconsistent with this opinion.

THORNBERRY, Circuit Judge (concurring in part and dissenting in part):

I agree with the majority that the judgment of the trial court must be reversed and remanded as to the survivors of the passengers. I must respectfully dissent, however, from that portion of the Court's decision reversing and remanding the lower court's judgment as to the survivors of the driver.

As stated by the majority, consolidation under Rule 42(a) is within the sound discretion of the trial court, and action pursuant thereto will be overturned upon appeal only for an abuse of discretion. Stemler v. Burke, 6th Cir. 1965, 344 F.2d 393; Nelson v. Grooms, 5th Cir. 1962, 307 F.2d 76; Davis v. Yellow Cab Co., 5th Cir. 1955, 220 F.2d 790; Gillette Motor Tr. v. Northern Oklahoma Butane Co., 10th Cir. 1950, 179 F.2d 711. The standard of appellate review by which the exercise of the trial court's discretion is to be judged is predicated upon Rule 61 of the Federal Rules of Civil Procedure:

[N]o error or defect in any ruling or order * * * by the court * * * is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Thus, to find an abuse of discretion the appellate court must feel that, on an examination of the record as a whole, the action complained of adversely affected the substantial rights of the complaining party. Box v. Swindle, 5th Cir. 1962, 306 F.2d 882; Bell v. Swift & Co., 5th Cir. 1960, 283 F.2d 407; Barron & Holtzoff §§ 1351, 1357 (Wright ed.).

Applying this standard, I am not convinced that the substantial rights of the driver's survivors were prejudiced by the trial court's action. Their case was more difficult than that of the passengers' survivors; they alone were required to refute any evidence of contributory negligence on the part of the driver.[1] Thus,

1. It would appear that the Louisiana law on imputation of negligence is unusually favorable to guest passengers of motor vehicles. Such passengers are not required to keep a look-out, but may entrust their safety to the driver, where they have no

any confusion in the minds of the jurors resulting from the consolidation would tend to prejudice the case of the passengers' survivors, not that of the driver's.

The record also fails to reveal that the appointment of the attorney of the pasgers' survivors as lead counsel prejudiced the survivors of the driver. The trial judge expressly provided in his order that the attorneys for both groups of plaintiffs would be allowed to examine or cross-examine all witnesses as well as make separate arguments to the jury. Counsel for the survivors of the driver availed himself of this privilege on several occasions. Furthermore, the trial judge's order appointing lead counsel stated that the procedure could be altered on the motion of any party if the circumstances so required. No such motion was presented during the trial. Upon this state of the record, I cannot conclude that the survivors of the driver were denied effective assistance of counsel.

The majority relies heavily upon Atkinson v. Roth, 3rd Cir. 1961, 297 F.2d 570. That case is not controlling here as the factual situation involved differed significantly. This is apparent merely from the brief résumé of *Atkinson* set out in the majority opinion. Furthermore, aside from the fact that Atkinson was both plaintiff and defendant in the consolidated cases, a deciding factor appears to have been the unsatisfactory presentation of the case to the jury in the charge and instructions.[2] We have no such situation in the present case.

The proper regulation of trial proceedings is the duty and function of the trial judge, and the appellate court should treat with due deference his actions in this area. The survivors of the driver have not demonstrated that their case was so prejudiced as to require a finding of abuse of discretion and the ordering of further litigation, burdensome to both the appellee and the courts. Therefore, the judgment as to these parties should be affirmed.

---

reason to believe that he is incompetent. Even where the passenger becomes aware of danger that the driver apparently does not see, the duty to warn depends upon the opportunity to do so. Also, without indication to the contrary, a passenger may assume that the driver sees and will heed traffic signals and defer to approaching traffic. See Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Dowden v. Southern Farm Bureau Cas. Ins. Co., 158 So.2d 399 (Ct.App.La.1963); LeBlanc v. Southern Farm Bureau Cas. Ins. Co., 157 So.2d 329 (Ct.App.La. 1963).

2. An example of this is the following language:
We note, too, that the court below did not include in its charge to the jury a direction that the negligence of Atkinson could not be imputed to his passengers. 297 F.2d at 575.