BARNETTE, Judge.
This is a suit for damages arising out of an automobile-school bus collision on Airline Highway leading into the City of New Orleans. The plaintiff Urban M. Leonard, driver of the automobile (station wagon), seeks recovery individually and on behalf of his minor children, Lisa and Eric Leonard, for personal injuries allegedly sustained by all three of them and for certain special damages. The owner of the school bus, Sam Barthe, Jr., doing business as Sam Barthe School, and his insurer, New Amsterdam Casualty Company, were made defendants.
There was judgment below rejecting the demands of plaintiff Leonard, individually, on account of contributory negligence found by the trial court as a bar to his recovery. There was judgment in his favor on behalf of the two minor children against the defendants, jointly and in solido, in the sum of $150 for each child. From this judgment the plaintiff, both individually and in his representative capacity, has appealed.
The issues presented are questions of fact.
At about 8:30 a. m. on February 18, 1965, plaintiff Leonard was driving his Ford station wagon in an easterly direction on Air *264 line Highway in Jefferson Parish toward the City of New Orleans accompanied by his two small children in the back seat. The morning traffic moving into the City was quite heavy on the highway which at the point in question has three lanes for moving traffic on each side of a narrow median. The point of collision was the intersection of Belleview Parkway.
The school bus driven by Jose M. Cusco, an employee of Sam Barthe School, approached Airline Highway on Belleview Parkway in a northerly direction. Cusco brought the bus to a complete stop in obedience to the stop sign and because of the heavy traffic on Airline. He waited there for a minute or so for a break in Airline traffic to permit his crossing.
The traffic in the two lanes nearest the school bus came to a halt with a space left open for Belleview Parkway traffic to enter the highway. The lane nearest the median in which plaintiff Leonard was proceeding was open for vehicles to proceed across Belleview. The school bus moved very slowly across the two lanes of stopped vehicles and was at the point of entry of the neutral ground lane when Leonard, who admittedly did not see the school bus, came across immediately in front of him. The school bus was stopped almost instantly, but not before striking the station wagon. The point of impact of the school bus with the station wagon was just over the right front wheel. Photographs in evidence leave no doubt that the school bus bumper struck the station wagon and that the impact was relatively light. The station wagon went across the median before coming to a stop.
The trial judge, in his reasons for judgment, found that “Cusco proceeded slowly across the curb and middle lane and, according to his testimony, he saw plaintiff’s car coming; he applied his brakes and was struck a glancing blow by plaintiff’s car.”
Plaintiff was driving about 25 miles per hour, well within the lawful limit, and observed that the vehicles in the two lanes to his right were either completely stopped or coming to a stop. He never saw the school bus and testified that he didn’t know what struck his car until after his car came to rest and he got out.
Photographs filed in evidence show the school bus to be a rather large vehicle considerably higher than an automobile and painted a conspicuous and conventional school bus yellow. The driver, Mr. Cusco, testified that because of the height of his position he could see the plaintiff’s car some 37 feet before it reached the point of collision. We can account for plaintiff’s failure to see the slowly moving school bus attempting to negotiate the intersection only by his failure to keep a proper lookout. The trial judge said:
“ * * * It is not reasonable to believe that he could not see the school bus. Prudence on his part would have avoided this accident and the injuries sustained. % >Jí 5}i if
He also found the school bus driver negligent in attempting to cross the busy highway under the conditions of traffic for which negligence his employer was held liable for the very slight injuries sustained by the Leonard children. As for Mr. Leonard, he found his contributory negligence to be a bar to his recovery.
We have carefully examined the testimony of the witnesses and the photographs filed in evidence and find no reason to disturb the findings of fact of the trial judge. There is ample evidence to sustain his findings. The jurisprudence is so well settled that finding of facts of the trial court will not be disturbed except for manifest error, that citations of authority are not necessary.
The conclusion reached by the trial judge and which we find to be correct is amply supported by decisions of the courts in the following cases involving questions of liability arising out of similar factual situations : Kerner v. Lumbermens Mutual Casualty Co., 172 So.2d 711 (La.App. 4th Cir. *265 1965); LeBlanc v. Southern Farm Bureau Casualty Ins. Co., 157 So.2d 329 (La.App. 3d Cir. 1963); Indovina v. Logrande, 70 So.2d 456 (La.App. Orleans 1954); Schroeder v. Mounes, 52 So.2d 67 (La.App. Orleans 1951).
It is therefore unnecessary to discuss the injuries allegedly sustained by Mr. Leonard. The injuries to the two children were very slight and neither appellant nor appellee has contended on this appeal that the nominal award of $150 for each child was either excessive or inadequate. Apparently there is no issue on this question.
For these reasons the judgment appealed from is affirmed at appellant’s cost.
Affirmed.