233 So.2d 482

Ex parte David V. SWEARINGEN et al.

v.

David R. ARCHER, as Judge, etc.

8 Div. 381.

Supreme Court of Alabama.

April 2, 1970.

Watts Salmon, Roberts & Stephens, Huntsville, for petitioners.

MERRILL, Justice.

This is an original mandamus proceeding in this court to require the respondent judge to set aside an order which consoli-

dated petitioners' case with other similar pending cases for trial.

On October 6, 1969, the Honorable David R. Archer, Presiding Judge of the Twenty Third Judicial Circuit, ordered that petitioners' case, No. 14684, be consolidated for trial with seventeen other pending cases. All of the cases deal with assessments against eighteen lots by the City of Huntsville for the laying of a sanitary sewer contiguous to the lots.

The judge's order states that there were eight hundred twenty-six separate appeals taken from the assessments by the City and he consolidated them for trial in groups averaging approximately sixteen cases per group.

Petitioners' assessment suit is No. 14684 and his attorney also represents all the owners of the other seventeen lots, no two of which are owned by the same person. The pleadings have not been settled and the question of the uniformity of the issues is outstanding.

The trial judge appeared and argued pro se on March 17, 1970. He explained that he was present to argue because neither the City nor the taxpayers would agree to a consolidation of the cases. It was his contention that there is adequate authority to authorize the consolidation of the cases either on the basis of the common law, statutory law, or the inherent power of the court. We cannot agree.

The statute authorizing consolidation of cases in most of the counties in the state is Tit. 7, § 259, Code 1940, which reads:

"Whenever two or more actions are pending at the same time, between the same parties, in the same court, and which might have been joined, the court may order them to be consolidated."

It will be noted that the cases here are not "between the same parties."

Our statute, Tit. 7, § 259, has been held to "be merely declaratory of the common law." Ex parte Ashton, 231 Ala. 497, 165

So. 773, and it is so conceded in briefs of the parties in the instant case.

In Decatur Land Co. v. City of New Decatur, 198 Ala. 293, 73 So. 509, assessments for public improvements by the city were made against 145 lots owned by the appellant, which was appealed to the circuit court in a single appeal. The appeal was dismissed by the circuit court and this court affirmed, saying, inter alia, that the separate municipal assessment on a separate lot " * * * is the single judicial act of ascertaining and of determining the charge, within the limit the law prescribes, to be imposed upon the distinct lot or parcel of land deriving its own peculiar pecuniary benefit from the improvement contemplated. To allow the blending in one judicial hearing of the inquiry the owner may initiate or institute under the statutory system provided would necessarily result in the utmost confusion, and, it is readily conceivable, in the defeat of the object contemplated by the Constitution and the statutes. An appeal lies from the assessment made against each distinct lot; and the law as now written does not recognize or permit a retrial or a review through a process which would blend two or more distinct assessments." This case has been cited and followed in many subsequent cases.

In Southern Ry. Co. v. Clarke, 203 Ala. 248, 82 So. 516, we held that the "statutory right of consolidation is applicable only to causes of action pending between the same parties. Code 1907, § 5358." (Now Tit. 7, § 259).

In 1935, the legislature passed Tit. 7, § 221, which applies to consolidation of cases in counties having a population of 300,000 or more. The constitutionality of this statute was upheld in Ex parte Ashton, 231 Ala. 497, 165 So. 773, and this court said that: "It was no doubt the intent of the statute to liberalize the restrictive test of the common law, * * *."

But in Ex parte Miller, 273 Ala. 453, 142 So.2d 910, and Ex parte Brownlee,

273 Ala. 456, 142 So.2d 913, we held that the trial court erred in consolidating trials of two landowners appealing from the same municipal sewer assessment and were represented by the same attorney. And this consolidation was under the liberalized consolidation statute, Tit. 7, § 221, which does not apply to Madison County.

Many of the same reasons stated in Ex parte Miller, supra, are present here and they need not be repeated.

We can understand why nisi prius judges would prefer to consolidate cases like these before us, but until there is legislation to permit such consolidation, we plan to follow the cases here cited.

Writ granted.

LIVINGSTON, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.