LEMMON, Judge.
Defendant’s appeal in this automobile accident case primarily raises the issue of plaintiff’s contributory negligence.
The accident occurred on South Claiborne Avenue in the City of New Orleans during afternoon peak traffic hours. Claiborne Avenue consisted of three traffic lanes on each side of a neutral ground. Plaintiff was traveling west on Claiborne in the right lane at about 25 miles per hour, below the posted speed limit of 35 miles per hour. As he approached the vicinity of the intersection of Claiborne with Carrollton Avenue, he observed that traffic was congested in the left and center lanes and was backed up in those lanes about two blocks, past the point where Fern Street intersects Claiborne. The right lane, however, was clear, and traffic was moving freely in that lane.
When plaintiff neared the Fern Street intersection, he accordingly slowed to 15 miles per hour or less. Suddenly, a car traveling on Fern attempted to cross Claiborne and moved into plaintiff’s path from the left. Although plaintiff immediately applied his brakes and swerved to his right, the left front of his car struck the right front of defendant’s vehicle.
Defendant’s minor son testified that when he stopped in the Claiborne neutral ground on Fern Street, the driver in the left lane on Claiborne had left an opening for him to cross. A driver in the center lane, noting his approach, moved backward to create an opening there. The son testified that he then moved slowly across the left and center lanes, looking to his left so as not to strike the stopped vehicle in the center lane. He never looked to his right for oncoming traffic, and the collision occurred before he realized that he had entered plaintiff’s lane.
An independent witness contradicted defendant’s version. This witness approached the scene at about the same time as defendant’s son and stopped in the westbound left lane on Claiborne, the second car in line past the Fern Street intersection. He testified that defendant’s vehicle came to a stop across the left lane and that as soon as the car in the center lane moved forward to allow room to pass, defendant’s son "apparently put his accelerator all the way to the floor” and shot out across plaintiff’s path, without ever looking to the right. The witness estimated that one or two seconds elapsed between the time the car in the center lane created the opening and the time the collision occurred.
Under any version presented, defendant’s son was negligent in failing to yield the right of way to vehicles approaching so closely as to constitute an immediate hazard. R.S. 32:123.
However, citing Byrnes v. Bostick, 214 So.2d 179 (La.App. 4th Cir. 1968); Leonard v. Barthe, 212 So.2d 263 (La.App. 4th Cir. 1968); Lilly v. Schmitt, 198 So.2d 502 (La.App. 4th Cir. 1967); Kerner v. Lumbermens Mutual Cas. Co., 172 So.2d 711 (La.App. 4th Cir. 1965); and Schroeder v. Mounes, 52 So.2d 67 (Orleans La.App. 1951), defendant contends that plaintiff should have avoided the accident and could have done so, had he maintained the look *155 out required under the dangerous circumstances existing at the time of the accident. In essence, defendant contends that plaintiff should have seen the opening between the stopped cars and should have seen defendant’s car proceeding through the opening, and was negligent in failing to do so. We disagree.
Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own safety and protection, the standard being that of a reasonable man under like circumstances. Smolinski v. Taulli, La., 276 So.2d 286 (1973). The burden of proving contributory negligence is upon the party alleging it as a defense.
The determination of contributory negligence, being based on the conduct of a party under existing circumstances, necessarily depends upon the facts and circumstances of each case. The preponderance of the evidence in the present case established that the opening was created only an instant before the collision occurred. Admittedly, greater caution is required in congested traffic than in flowing traffic, but plaintiff had properly slowed when he observed the congested situation and was thus alert for cars pulling from the stopped middle lane into his open lane or for any similar hazard. However, plaintiff was not obliged to anticipate the particular danger which occurred in this case, at least until the danger became apparent to him in the exercise of reasonable care. Inasmuch as defendant has failed to prove that plaintiff became or should have become aware of this particular danger in sufficient time to take reasonable steps to avoid the accident, we conclude that plaintiff’s behavior was reasonable under the circumstances and that contributory negligence was not proved.
The judgment is affirmed.
Affirmed.