**FLORIDA POWER CORPORATION,
Plaintiff,**

v.

**Ray GRANLUND, A. P. Perez, Ronald Pruitt, Walter L. Ballard, John L. Burns, Charter International Oil Co., Larcon Petroleum, Inc., Matrix Properties, Inc., Rotary Oil Co., Aminoil U. S. A., Inc. (formerly known as Signal Oil & Gas Company), United States Department of Energy and James R. Schlesinger, Secretary of United States Department of Energy, Defendants.**

**No. 77–742 Civ. T–K.**

United States District Court,
M. D. Florida,
Tampa Division.

April 5, 1978.

W. Reece Smith, Jr., and Sylvia H. Walbolt, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for plaintiff.

Robert L. Shevin, Atty. Gen., Douglas Bruce Brown, Charles R. Ranson, Richard A. Hixson, Asst. Attys. Gen., State of Florida, Dept. of Legal Affairs, Tallahassee, Fla., for intervening State of Florida.

Harry Kemker, Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, Fla., Davis, Polk & Wardwell, New York City, for Aminoil USA.

Richard A. Sauber, Dept. of Justice, Civ. Div., Economic Litigation Section, Washington, D. C., for U. S. Dept. of Energy.

## ORDER

KRENTZMAN, District Judge.

The Court has for consideration the motion of the State of Florida ("the State") for intervention as of right, or alternatively for permissive intervention, pursuant to Rule 24, Fed.R.Civ.P. The State seeks intervention in essence to assert a cross-claim against plaintiff Florida Power Corporation, as well as to assert claims against present defendants herein and two additional defendants. The transactions allegedly involved are substantially similar, if not identical: transfers of fuel oil from brokers, agents and the like to Florida Power during the most severe portion of the energy crisis. The Florida Power complaint refers only to number 2 fuel oil; the State adds allegations concerning number 6 oil as well. The causes of action asserted likewise are substantially similar, if not identical, in the original and intervening complaint; Section 1 of the Sherman Act (15 U.S.C. § 1), the Emergency Petroleum Allocation Act (15 U.S.C. § 751 et seq.), and 10 C.F.R. 210.62(c) are pleaded in both complaints. Similar allegations are also made under different portions of Fla.Stat. ch. 542.

The Court is required to grant intervention of right on timely application

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. Rule 24(a)(2), Fed.R.Civ.P.

The timeliness of the State's motion has not been questioned.

Whether the State properly claims an interest in the subject matter of this case is a question that has been argued in memoranda and hearing before the Court. Florida Power has argued in essence that the Court is required to look at the claim presented by the State to see if, under applicable substantive law, the State is a party "injured in his business or property" within the meaning of Section 4 of the Clayton Act, 15 U.S.C. § 15, under which the State claims in its proposed intervening complaint.

■ The Court is not without guidance. Such is provided by the Fifth Circuit's decision in *Atlantis Development Corp. v. United States*, 379 F.2d 818 (5th Cir. 1967). There the party opposing intervention urged the Fifth Circuit Court of Appeals to rule on the basis of the moving papers that the intervenors could not possibly win at trial—in effect, to examine the complaint as would be done under Rule 12(b)(6), Fed.R.Civ.P. This the Fifth Circuit refused to do.

> [I]t is, of course, conceivable that there will be some instances in which the total lack of merit is so evident from the face of the moving papers that denial of the right of intervention rests upon a complete lack of a substantial claim. But it hardly comports with good administration, if not due process, to determine the merits of a claim asserted in a pleading seeking an adjudication through an adversary hearing by denying access to the court at all. *Id.* at 827.

Thus, regarding whether the complaint states a claim, the Court's obligation in circumstances such as these is limited to determining whether "total lack of merit is . . . evident from the face of the moving papers . . . ." *Id.*

The State presents a number of claims in its intervening complaint; the Court cannot say that any of them on their face exhibit such a "total lack of merit." Florida Power chose not to contest any of the claims the proposed intervening complaint asserted against it except for the claim under Section 4 of the Clayton Act, 15 U.S.C. § 15. Even if the Court were to find that that claim exhibited a total lack of merit on its face, the Court would grant intervention, assuming the existence of the other prerequisites (*see infra*), on the basis of the other unchallenged claims.

■ But the Section 4 claim does not exhibit a total lack of merit. The Court is of the opinion that the Supreme Court's opinion in *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977), does not foreclose the State from bringing a complaint against Florida Power. Florida Power characterizes the holding of *Illinois Brick* as follows:

> . . . the direct purchaser of a price-fixed product is the only proper party to recover for the overcharges on that product. Plaintiff's Reply Memorandum at 2.

Closely examined, the proposition proves too much. It would immunize from antitrust liability any manufacturer who conspired with his suppliers to fix the price of the supplied raw material. *Illinois Brick* does not mention, let alone discuss, such a situation. The Supreme Court's obvious concern for the efficacious enforcement of the antitrust laws, which so informed its decision (*id.* 431 U.S. 720, 97 S.Ct. at 2074–75), further sufficiently indicates the lack of any intention so to immunize such a manufacturer. The mere fact that the allegedly price-fixed product is only a partial constituent of the ultimate product purchased by the intervening plaintiff—as alleged here, where the oil is converted to electricity—should not bar recovery, where

there is an allegation of privity between suppliers of the raw material and the manufacturer. *See* Note, Scaling the Illinois Brick Wall: The Future of Indirect Purchasers in Antitrust Litigation, 63 Cornell L.Rev. 309, 331–32 (1978). The result would be a loophole in the antitrust laws that would provide immunity for any price-fixing manufacturer which, for whatever reasons, finds it useful to conspire to fix prices with its suppliers. The Court cannot believe that the Supreme Court intended such a result without discussing it.

■ Florida Power argues that this analysis is immaterial to the issue of intervention; it states, " . . . the fact that the State may have a cause of action other than the one asserted by plaintiff here does not give it the requisite interest in these proceedings to sustain intervention." Plaintiff's Reply Memorandum at 15–16. No authority is cited for this proposition, and the Court believes there is none. Rather, the Court finds persuasive the authority of *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir. 1970), which holds as follows:

> . . . intervention . . . requires a "direct, substantial, legally protectible interest in the proceedings." *Hobson v. Hansen*, D.D.C.1968, 44 F.R.D. 18, 24. We do not believe, however, that the interest has to be of a legal nature identical to that of the claims asserted in the main action, as appellants seem to suggest. *Diaz, supra* at 1124.

This holding clearly forecloses Florida Power's interpretation of Rule 24. The State properly claims an interest in the transactions that are the subject matter of this action. For these reasons, the Court is convinced that the State's intervening complaint satisfied the "interest" requirement of Rule 24(a)(2), Fed.R.Civ.P.[1]

■ The next question under Rule 24(a)(2) is whether the disposition of this action without the presence of the State "may as a practical matter impair or impede" the State's ability to protect that interest. The law in the Fifth Circuit is clear that the stare decisis impact of potential decisions adverse to the proposed intervenor can be enough practical impairment where the interest requirement is satisfied to the extent it has been here: that is, where the interest is in the same transactions, as it substantially is here. *Atlantis Development Corp. v. United States, supra* at 828. One such question, for example, in the context of the present litigation could be whether Florida Power's alleged involvement in the alleged scheme would bar its recovery. *See Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 140, 88 S.Ct. 1981, 1985, 20 L.Ed.2d 982 (1968); *Pearl Brewing Co. v. Jos. Schlitz Brewing Co.*, 415 F.Supp. 1122, 1126–34 (S.D.Tex. 1976), and cases cited therein. Absent intervention, the practical problems the State would face in a separate proceeding, arguing that legal issue under virtually identical facts, would be greater if this Court had already rendered its opinion on that issue. Such a practical impediment would be again enhanced if the State had to persuade *this* Court that its earlier ruling on that matter was incorrect; this is not a remote possibility. *See* Rule 1.04(b), Rules of the United States District Court for the Middle District of Florida. There may be other such issues on which the State would want to be heard: at hearing, the State referred to potential discovery problems, for example. For these reasons, the Court is convinced that its disposition of the case without intervention could result in the practical impairment or impediment of the State's ability to protect its interest.

The final question for this issue is whether the State's interest is adequately protected by existing parties. That it is not is

---

1. The State also presents its federal antitrust claim in light of the "cost-plus contract exception" first enunciated in *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968). *See Illinois Brick, supra* 431 U.S. 720, 97 S.Ct. at 2068 n. 12, 2070; Note, *Scaling the Illinois Brick Wall, supra* at 329–330. Given the Court's holding on the issue of intervention, the Court need not reach the cost-plus exception issue; the extent to which the State wishes to pursue this theory and its validity would best be determined on motion for dismissal for failure to state a claim.

demonstrated by what has been said *supra* concerning the State's interest in being heard on the issue of the potential effect of Florida Power's alleged involvement in the alleged conspiracy. On this important issue the State's interest and those of the defendants who would offer the defense are very different.

Other reasons are readily apparent. Assuming the truth of its allegations, as we must, for the purpose of ruling on the motion, the State's interest in enforcement of federal antitrust laws within its boundaries vis-a-vis Florida Power is not adequately protected by any of the present parties. *See Cascade Natural Gas Corp. v. El Paso Natural Gas Corp.*, 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967). Florida Power argues that the State's interests—as consumer and as proposed representative of a governmental body class of consumers, and a general class of consumers—are adequately represented by it, because it would certainly be required by the Public Service Commission to remit overcharges to consumers if it obtained recovery herein. This argument fails on two grounds. First of all, the Public Service Commission is not a party hereto. Secondly, the treble damages remedy is not available in proceedings before the Public Service Commission.

For these reasons, the Court finds that the State's interest is not adequately protected by existing parties. Accordingly, the Court is of the opinion that the state's motion for intervention should be, and it is hereby, GRANTED.

Even if intervention of right was not appropriate, the Court would grant the motion for permissive intervention per Rule 24(b)(2), Fed.R.Civ.P. Clearly there are substantially common issues of law and fact present. The Court recognizes that there is some likelihood of prejudice to Florida Power. The prejudice is not nearly as great as that in *DuPont v. Southern Pacific Co.*, 366 F.2d 193 (5th Cir. 1966), where, aside from the plaintiff being made a defendant in his own case, a lead counsel was appointed to represent parties with differing interests. No such situation is present, and the Court

would not regard that precedent as controlling.

The Court takes note of the pendency of the motion for consolidation in the case of *State of Florida ex rel. Robert L. Shevin v. Florida Power Co.*, No. 78–169 Civ. T–H. This motion is appropriate for consideration by this Court. Local Rule 1.04(b), Rules of the United States District Court for the Middle District of Florida. The Court will continue the consideration of this motion for the time being. In light of the Court's ruling *supra*, the State is directed to inform the Court within ten (10) days of its intentions regarding the later-filed case.

IT IS SO ORDERED at Tampa, Florida this 5th day of April, 1978.